PEOPLE v. BAILEY.   (No. 255/1.)

(Supreme Court, Appellate Division, Third Department.   November 11, 1914.)

1. CRIMINAL LAW (§ 101*)—TRANSFER OF INDICTMENT—STATUTES.

A transfer of an indictment by the court of its own volition, or on motion of the district attorney, from the Supreme Court to the County Court, is made under Code Cr. Proc. § 22, subd. 6, relative to the transfer of indictments, and not under section 351, relative to the removal of criminal actions before trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 199–205; Dec. Dig. § 101.*]

2. Criminal Law (§ 101*)—Appeal—Harmless Error—Transfer of Indictment—Existence of Order—Clerk's Minutes.

Under Code Cr. Proc. § 542, providing that immaterial technical errors shall be disregarded, failure of the minutes of the Supreme Court to specifically show that the court's order that indictments should be sent to the County Court included the indictment against defendant was not ground for setting aside a verdict, where defendant moved in the County Court for funds, and failed to object during the trial to the want of an order sending his case to the County Court, and the circumstances tended to show that the clerk's minutes were interpreted by all to contain an order sending such indictment to the County Court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 199–205; Dec. Dig. § 101.*]

Appeal from Schuyler County Court.

Russell A. Bailey was convicted of manslaughter in the first degree. From an order setting aside the verdict, the People appeal. Reversed, and defendant remanded for sentence.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Frank Johnson, of Montour Falls (Lewis H. Watkins, of Watkins, of counsel), for the People.

Bertrand W. Nye and George M. Velie, both of Watkins (George M. Velie, of Watkins, of counsel), for respondent.

HOWARD, J. The defendant herein was indicted for the crime of manslaughter in the first degree by a grand jury sitting with the Supreme Court in the county of Schuyler. At the time the grand jury reported, five indictments were handed up, three of which were sealed and two open. One of the open indictments was the one in question here, the indictment against the defendant, Russell A. Bailey. The other open indictment was against Chester Carter. Carter was arraigned, pleaded guilty, and was sentenced. Bailey pleaded not guilty. The minutes of the clerk on the day that the grand jury handed up its report are as follows:

"Thursday Morning, December 4, 1913.

"Grand jury arose and reported five indictments, 3 sealed and 2 open.
"Grand Jury discharged by the court.

"The People of the State of New York against Chester Carter, Defendant.
"Indictment for Grand Larceny in Second Degree.

"The People of the State of New York against Russell A. Bailey, Defendant.
"Indictment for Manslaughter in First Degree.

"Chester Carter, arraigned, stated that he did not have counsel and did not want any. Entered a plea of guilty.
"Russell A. Bailey was arraigned and entered a plea of not guilty.
"The court directs that an order be entered sending other indictments to County Court."

On December 9, 1913, the defendant together with his attorneys appeared in the County Court and made application to that court for financial assistance with which to conduct his defense. The County Court listened to the application and made an allowance of $100 to the defendant out of the funds of the county for that purpose. Sub-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sequently, and on January 5, 1914, the trial proceeded, and the defendant was found guilty by the jury of the crime charged in the indictment. After the verdict was pronounced, the defendant's attorneys moved for an arrest of judgment on the grounds that no order for the removal of the indictment from the Supreme Court to the County Court had been made or entered as required by section 351 of the Code of Criminal Procedure, and therefore that the County Court had no jurisdiction of the subject-matter of the action or of the defendant. The County Court took the motion under consideration and subsequently granted the order setting aside the verdict.

[1] Section 351 of the Code of Criminal Procedure, under which the defendant made his motion, has no application to the case at bar. When an indictment is transferred by the court of its own volition, or on motion of the district attorney, from the Supreme Court to the County Court for trial, it is done under subdivision 6 of section 22 of the Code of Criminal Procedure, and not under section 351. However, the fact that the defendant has moved under a section which does not apply will not deter us from considering the matter on its merits.

[2] Was an order made by the Supreme Court sending the indictment of the defendant to the County Court? This is the question, and the only question, to be determined here. The last sentence of the clerk's minutes are the words in dispute. That sentence contains the order, if there was any order. It reads:

"The court directs that an order be entered sending other indictments to County Court."

This was an order of the court, and if it referred to the indictment of Bailey it was sufficient. The place where it was recorded and its form were sufficient. If it referred only to the three sealed indictments, it was insufficient. The only question to determine is whether it referred to the Bailey indictment. It never can be absolutely known whether or not the court ordered the indictment against the defendant sent to the County Court. We can only draw our conclusions from the language of the clerk's minutes, and whether that language includes or excludes the indictment before us is a mere matter of opinion. Nothing can be gained by arguing here that the language is sufficient to include the indictment, or insufficient. A determination of the question would establish no precedent for future guidance in the criminal law. Therefore we shall venture no opinion further than to say that the arraignment and sentence of Carter, thus disposing of his indictment, the three sealed indictments, the arraignment of Bailey, the subsequent motion of his counsel in the County Court for funds, his silence during the trial with reference to the absence of an order sending his case to the County Court, in fact, all the circumstances surrounding the event, are significant considerations tending to show that the defendant and his counsel and everybody else on the scene interpreted the clerk's minutes to contain an order of the Supreme Court sending the Bailey indictment to the County Court.

But, whatever ambiguity there may be in the language of the clerk's minutes, we do not believe the substantial rights of the defendant have

been affected. It.is the common custom of the Supreme Court in every county, on the day of its adjournment, or at the time the grand jury reports, to send all criminal matters, except murder in the first degree, to the County Court for trial. Of course, if there was no order in this case sending this indictment to the County Court, that court acquired no jurisdiction; but under the circumstances here we have concluded that there was such an order. The County Court in this case had jurisdiction of the subject-matter; the trial was fair; the rights of the defendant were in no manner prejudiced; all due forms were observed; it is not contended that the defendant would have come out any better in the Supreme Court. The defendant is presenting to us only the technical objection that the language of the clerk's minutes does not show that an order sending the indictment to the County Court was made by the Supreme Court. Under section 542 of the Code of Criminal Procedure we cannot recognize this technicality, for that section commands us to "give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." So far as applicable to the circumstances here, our position is upheld by the following cases: People v. Bradner, 107 N. Y. 1, 13 N. E. 87; People v. Myers, 2 Hun, 6; People v. Duffy, 212 N. Y. 57, 105 N. E. 839.

Recognition of unsubstantial defects and technicalities in the criminal law has given rise to wide-spread criticism and comment on "the law's delay." The recent amendments to all the Codes are admonishing the courts against this. It is our duty to heed these admonitions, particularly in this case, where the rights of the defendant have in no manner been jeopardized.

The order of the County Court should be reversed, and the defendant remanded to that court for sentence. All concur.

SMITH, P. J., concurs, on the ground that the defendant, by making application to the County Court for funds, gave a practical construction to the order sending "other indictments" to the County Court as including his own.