The People of the State of New York ex rel. Joseph Albanese, Respondent, against William Hunt, as Warden of Attica State Prison.

The People of the State of New York, Appellant.

Fourth Department, May 5, 1943.

Nathaniel L. Goldstein, Attorney General (Orrin G. Judd, Wortley B. Paul and Herbert A. Einhorn of counsel), for appellant.

Salvatore C. Salvo for respondent.

HARRIS, J.   The respondent here, Joseph Albanese (the relator below) has been released on his application for an order of habeas corpus and the appellant herein appeals from such order of release.   Albanese, at the September, 1927 term of the Supreme Court, Erie County, was indicted for the crime of arson in the second degree, was arraigned and pleaded not guilty and had counsel assigned to him.   On November 4, 1927, after a trial in County Court, Erie County, which trial resulted in his conviction of arson, third degree, he was sentenced by the County Court to imprisonment in Attica State Prison for the term of twenty years.   He made a motion for a new trial and later appealed from the judgment of conviction, but abandoned such appeal.   (People v. Dragone and Albanese, 223 App. Div. 529, 530.)   Following such appeal, he was committed to Attica State Prison and remained there serving the sentence until, by petition made by counsel in his behalf and dated August 15, 1941, he sought release by the proceeding now under review.   His application for habeas corpus was based on the claim that the County Court of Erie County had no jurisdiction to try the charge against him.   The particular question raised is that the indictment returned in the Supreme Court against him was never transferred from the Supreme Court to the County Court.   (Code Crim. Pro. § 22, subd. 6.)

Code of Criminal Procedure, section 22, subdivision 6, above cited, provides, " The supreme court has jurisdiction:   *   *   * 6. By an order, entered in its minutes, to send any indictment found therein for a crime triable at the county court   *   *   * to such court."   At the time of the indictment in the Supreme Court and the trial in the County Court, the County Court of Erie County had jurisdiction (Code Crim. Pro. § 39, subd. 2.) " To try and determine indictments found therein or sent thereto by the supreme court   *   *   *   in the county for crimes not punishable with death; and   *   *   *   to try and determine all such indictments including those for crimes punishable with death."

At no time prior to the beginning of this proceeding, the order in which is now under review, did the respondent herein raise the question which he has now raised, although such question could have been raised on his appearance in County Court, in arrest of judgment or on appeal. After serving close to fourteen years of his sentence, he has raised such question. If his contention is well taken, then he is entitled, even at this late date, to apply by means of habeas corpus for his release on the ground that he is illegally held in custody. (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27, 32.)

The only authority to transfer the trial of an indictment found in Supreme Court to the County Court of the county in which the indictment is found is provided in subdivision 6 of section 22 of the Code of Criminal Procedure, above quoted; indictments found in the County Court may be transferred for trial on motion either of the County Court or of the Supreme Court. (Code Crim. Pro. §§ 22 and 41.) The question which was raised by the petition of the relator below (respondent herein) is whether prior to his trial in County Court the indictment was transferred by the Supreme Court to the County Court. On this question, the record before us shows as follows: The presentation of the indictment to the Supreme Court; a notation on the indictment by a special deputy county clerk as follows: " On motion of the District Attorney, this indictment transferred to the County Court. Dated Oct. 17, 1927. [Signed] James V. Walsh, Special Deputy County Clerk;" two affidavits made by Mr. Walsh to the effect that he was a special deputy county clerk of Erie County, assigned to Part 1 of the County Court; that the notation of transfer above quoted, so far as it was in handwriting, was in his handwriting; that he had no recollection of the transfer of said indictment, except that while he was on duty in the County Court on the day of the transfer he was presented with the indictment and informed that the indictment was transferred; that ordinarily information of a transfer of this nature was conveyed to him by a member of the staff of the District Attorney after such member of the staff would have made the application before a Supreme Court Justice sitting in the Criminal Part of the Supreme Court. In the absence of the clerk assigned to the Criminal Term of the Supreme Court, then at the request of a member of the District Attorney's staff, he would stamp the indictment with a stamp showing the transfer and would send a minute of such act on his part to the clerk in Criminal Term of the Supreme Court for entry on the clerk's minutes in the latter named court.

Examination of such clerk's minutes by the court below showed a total absence of any reference of the transfer in such clerk's minutes. Based on this proof, the court below granted the application of the respondent herein (the relator below) and discharged him from custody.

The appellant makes two points: *First,* that the court below should have denied the application because there was a legal presumption that the transfer was made and there is no proof to overcome such presumption, and, *second,* if such presumption of a legal transfer was overcome, then the relator should have been held for trial on the indictment.

On the second enumerated question raised by the appellant here, it must be held that, if the court below were satisfied that the indictment was not properly transferred, then the prisoner should not have been released, but he should have been held for trial either in the Supreme Court, where the indictment was found, or in the County Court on a proper transfer of the indictment. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90, 95; *People ex rel. Rhoney* v. *Hunt,* 262 App. Div. 940.)

The point of the appellant first enumerated above leads to an examination of the question as to whether there was any proof that there was no valid transfer of the indictment from Supreme Court to County Court. The County Court is a court of competent jurisdiction, and there is a presumption that all of the proceedings before the court in this action were regular; such presumption could be rebutted by proof on behalf of the relator (respondent herein). (*People* v. *Bradner,* 107 N. Y. 1; *People ex rel. Kammerer* v. *Brophy,* 280 N. Y. 618; *People* v. *Myers,* 2 Hun, 6.) There is no proof in the record that the indictment was not ordered transferred by the Supreme Court. There is proof that there was no note made in the clerk's minutes of such order. (Code Crim. Pro. § 22, subd. 6.) This failure to note in the record was, at best, the failure of a ministerial act and did not vitiate the transfer of the indictment, if it were ordered to be transferred by the Supreme Court. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90; *People* v. *Duffy,* 212 N. Y. 57, 63; *People* v. *Myers,* 2 Hun, 6; *People* v. *Bailey,* 164 App. Div. 756, 760, affd. 215 N. Y. 711.) Even though it could be argued successfully that the County Court was limited in its jurisdiction so that there was no presumption that the indictment was validly transferred by the Supreme Court, there is in the record proof which leads to an unrebutted presumption that the transfer was valid. Such proof is as follows: The notation of transfer made on the indictment is that of a special

deputy county clerk authorized to act in behalf of the county clerk in both the County and Supreme Courts. (N. Y. Const. art. VI, § 21; County Law, § 169; Code Crim. Pro. § 272.) All records in criminal actions, including the indictment on which the notation of transfer was made, are on file in the office of the clerk of the court (the county clerk). The relator appeared for trial, raised no question as to the lack of the transfer of the indictment, stood trial, was convicted, made no motion in arrest of judgment, appealed and abandoned his appeal. All of these acts on his part and the facts surrounding the same can lead to only one conclusion, *i. e.,* that the indictment was properly transferred.

There was no failure to grant any rights to the defendant. There is only the proof that the clerk's minutes did not contain a note of the transfer of the indictment. It should not be held on this record that the relator-respondent is entitled to either his freedom or to a trial of the indictment. The order below should be reversed and the relator remanded to the custody of the warden of Attica State Prison.

All concur, except McCurn, J., who dissents and votes to modify the order so as to provide that the relator be remanded to the sheriff of Erie County so that further proceedings may be had under the indictment. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

Order reversed on the law and facts without costs of this appeal to either party, and writ dismissed and relator remanded to the custody of the warden of Attica State Prison, Attica, New York. Finding of fact that " no order was ever made transferring the indictment herein from the Supreme to the County Court " disapproved and reversed, and a new finding of fact made that such an order was made.