THE PEOPLE OF THE STATE OF NEW YORK ex rel. WINSTON PEACHIN, Relator, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.

Supreme Court, Special Term, Onondaga County, January 10, 1946.

*Walter L. Potocki* for relator.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr., of counsel)*, for defendant.

SEARL, J. This is the return of a writ requiring the warden of the State prison at Auburn, New York, to certify the cause of the imprisonment of relator.

Briefly, relator claims the Oneida County Court was without jurisdiction when a ten-year sentence was imposed on June 21,

1930, the basis being that the Supreme Court had not conferred jurisdiction upon the County Court by remitting there the indictment " By an order ", entered in the minutes. (Code Crim. Pro., § 22, subd. 6.) Prior to the full service of the sentence, relator was paroled. While at liberty he was again indicted for forgery in Cayuga County and on the 14th day of November, 1935, was sentenced in Cayuga County Court to serve a term of ten years to continue at the end of the previous sentence in Oneida County. Relator will not be eligible for parole on the Cayuga County sentence until January 25, 1947.

The defendant resists the relator's claims, the first ground being that there exists a presumption of the regularity of the transfer of the indictment from Supreme Court to County Court, which is not affirmatively rebutted; secondly, that the application is untimely since the judgment under attack has been served and is now nonexistent.

Relator's moving papers contain a communication from the Deputy County Clerk of Oneida County, to the effect that examination of the " Civil and Criminal Register fails to show any order on file, transferring Indictments of March, 1930, from Supreme Court to County Court for disposition." Also, copies of communications are attached from the Acting District Attorney and the Clerk of the Court to the effect that " the Supreme Court Clerk's book for March, 1930, does not reveal that any record was made showing a transfer of the cases to County Court."

The opinion of Justice HARRIS of this, our Fourth Department, in *People ex rel. Albanese* v. *Hunt* (266 App. Div. 105, affd. 292 N. Y. 528) is controlling. There, the relator had served close to fourteen years. Although in the instant case the relator had the opportunity to raise the question of jurisdiction on his appearance in County Court, he might still raise the question at this time by habeas corpus (*People ex rel. Carr* v. *Martin*, 286 N. Y. 27, 32), provided the judgment there imposed had not expired so as to render a decision on the application at this time as academic only. It is, however, unnecessary now to pass upon that question.

In reversing the trial court in the *Albanese* case (*supra,* p. 108) the Appellate Division held that had the court below been satisfied " that the indictment was not properly transferred, then the prisoner should not have been released, but he should have been held for trial either in the Supreme Court, where the indictment was found, or in the County Court on a proper transfer of the indictment." As the Court of Appeals in its

memorandum of affirmance has not found to the contrary, this portion of the opinion must be regarded as the law of the case. Should the court in the case at bar find that the relator had overcome the presumption that there had been a transfer of the indictment to County Court, still it is doubtful whether relator would elect to trifle with another trial at this late date, having already served a ten-year sentence.

So as to afford the relator an opportunity, if possible, to overcome the presumption of regularity (*People* v. *Bradner*, 107 N. Y. 1; *People ex rel. Kammerer* v. *Brophy*, 280 N. Y. 618), this court, by order, directed evidence to be taken on the 17th of December, 1945. The hearing was thereafter adjourned to Utica, New York, where the hearing was terminated on December 26th. It was there stipulated that an examination of the minute books fails to show any transfer of indictments from Supreme Court to County Court in March, 1930, and that there can be found no order on record showing transfer of indictments to County Court during the March, 1930, Term. However, Hon. WILLIAM F. DOWLING testified that he presided at the March Trial Term of Supreme Court; that although he has no present memory as to any particular indictment, during the ten years he presided in Oneida County it was the practice to remit indictments, other than indictments charging murder, by order, to County Court; that he has no recollection of any instance where written orders were not made. Earle Bastow, present District Attorney of Oneida County, produced a record from the office of the district attorney. One sheet, Exhibit 2-A, touching the record of the indictment in question against the relator, contains the printed statement " Case sent to County Court by general order." Exhibit 2-B from the same book, relating to an indictment for murder against two defendants, shows the printed inscription " Case sent to County Court by general order," crossed out by an ink line drawn through it. The warden urges that thereby the presumption is further substantiated, that had the instant indictment not been transferred by order, the notation would have been crossed out.

This court must therefore hold that the evidence adduced creates a presumption of regularity, which has not been rebutted by relator. Failure to note the transfer in the record must be regarded only as a ministerial act, as referred to by Justice HARRIS in the *Albanese* case (*supra*). There additional authorities are cited.

In view of the above conclusion it becomes unnecessary to pass on the question as to whether the present proceeding

brought on by a writ of certiorari, is proper, involving as it does " *the review of a determination* and not *an inquiry into the cause of detention* " (*Matter of Stewart* v. *City Court, Binghamton,* 183 Misc. 155, 156).

The writ is dismissed and the relator remanded.