12 N.J. Super. 589 (1951)
80 A.2d 139
IN THE MATTER OF THE APPLICATION OF JOHN F. GLADSTONE AND DOUGLAS E. GLADSTONE, TO CORRECT ILLEGAL SENTENCES.
Superior Court of New Jersey, Morris County Court Law Division.
Decided March 26, 1951.
*591 Mr. John D. Collins, Morris County prosecutor, attorney for the State.
Mr. Bertram M. Berla, attorney for the petitioners.
LANCE, J.C.C.
John F. Gladstone and Douglas E. Gladstone, herein called the petitioners, are now confined in the New Jersey State Prison at Trenton in Mercer County. They have filed separate applications alleging among other things that their sentences imposed by the Morris County Court were illegal, and requesting the court to correct them. Counsel was subsequently assigned to represent them as indigents. Both cases have been argued together as common questions of law appear.

I.

THE FORM OF THE PETITION
John F. Gladstone has designated his moving papers as an application for a writ of habeas corpus. This petitioner sought a writ of habeas corpus out of the Morris County Court some months ago. His application was dismissed on the ground that the Morris County Court had no jurisdiction to grant a writ of habeas corpus where the prisoner is confined in Mercer County. In re Gladstone, 9 N.J. Super. 508; 75 A.2d 641 (Cty. Ct. 1950).
*592 A mere reading of labels would compel this court to dismiss the present application for want of jurisdiction. However, one of the matters raised by the petitioner involves the imposition of a sentence alleged to be illegal.
It is not unusual for those incarcerated in penal institutions to file applications which combine in a single petition at least the following three types of matters: complaints as to trial errors, matters determinable by habeas corpus, and requests for the correction of illegal sentence. Our courts have developed different procedures for the granting of relief in these situations. The differences are, however, more than procedural. For example, the passage of time will bar relief for trial errors; not so in habeas corpus proceedings and applications to correct illegal sentences.
Different remedies must frequently be sought in different forums. The Morris County Court cannot act in habeas corpus proceedings where the prisoner was originally sentenced from Morris County but now detained in Mercer County. Nor can the Mercer County Court correct an illegal sentence of the Morris County Court even though the prisoner is now confined in Mercer County.
As confusing as these differences must seem at times to the prisoner, sound reasons exist for the distinctions. However, it is incumbent upon a court in this class of case (where the prisoner himself frequently prepares his application without benefit of counsel) to grant relief if the court has jurisdiction and the allegations of the moving papers are properly supported by proof, even though the application may bear an improper designation.

II.

AS TO JOHN F. GLADSTONE
John F. Gladstone was born in 1925. He was committed to the New Jersey Reformatory at Annandale on April 23, 1942, after the entry of a plea of guilty to a charge for carnal abuse. Subsequent to his parole from this institution, he *593 was charged with carrying concealed weapons and was committed for a second time by the Morris County Court to the New Jersey Reformatory at Annandale on December 20, 1946, after entry of a guilty plea. It is to be noted that the prisoner was sent to Annandale by a direct commitment, rather than being returned to this institution for a violation of parole. On February 21, 1947, he was transferred from Annandale to the reformatory at Rahway, and on October 28, 1948, he was transferred to the New Jersey State Prison at Trenton, where he is now detained.
Petitioner argues that no person can be twice committed to the reformatory at Annandale, and that since his second sentence there was illegal, the transfers to Rahway and the State Prison by the Commissioner of Institutions and Agencies of the State of New Jersey were likewise illegal.
Rule 2:7-13 provides that "The court may correct an illegal sentence at any time." R.S. 30:4-151 provides in part:
"* * * but no person who has been previously convicted of a crime punishable by imprisonment in the state prison, and sentenced to a prison, reformatory or penitentiary may be sentenced to the reformatory at Annandale."
The crime of carnal abuse was punishable by imprisonment in the State Prison. R.S. 2:163-1. Petitioner is correct in his claim that his second sentence to Annandale was improper.
In a loose sense, a commitment arising out of trial error is illegal, as is a sentence where the petitioner is successful in habeas corpus proceedings. However, for the purpose of Rule 2:7-13, an illegal sentence bears a limited meaning. In McIntosh v. Pescor, 175 Fed.2d 95 (6th Cir. 1949) it was said "the illegality referred to is apparently one disclosed by the record, such as a sentence in excess of the statutory provision, or in some other way contrary to the applicable statute." One type of illegal sentence cognizable by Rule 2:7-13, appeared in State v. Weeks, 5 N.J. Super 505 (1949), where the Somerset County Court declared illegal *594 a sentence on the ground it was of longer duration than the statute permitted. Its action was affirmed in 6 N.J. Super. 395 (App. Div. 1950).
A sentence to a type of institution not permitted by statute, under the circumstances of the instant case, appears to be a second type of sentence subject to correction under Rule 2:7-13.
The court will entertain an order vacating the second sentence to the reformatory at Annandale. The transfers to Rahway and the State Prison can have no higher standing than the second sentence to Annandale from which they were derived. A new sentence will be imposed, at which time credit will be allowed for such period as petitioner has served on the second Annandale sentence, including time spent thereafter at Rahway and the State Prison.

III.

AS TO DOUGLAS E. GLADSTONE
Douglas E. Gladstone was born in 1924. He was committed to the New Jersey Reformatory at Rahway on April 15, 1943, after the entry of a plea of guilty to a charge of atrocious assault and battery. Subsequent to his release from this institution he was charged with carrying concealed weapons and was committed by the Morris County Court for a second time to the New Jersey Reformatory at Rahway on December 20, 1946, after entry of a non vult plea. On October 28, 1948, he was transferred from Rahway to the New Jersey State Prison where he is now detained.
Petitioner now argues two points. He claims no person can be twice committed to the reformatory at Rahway under the statute, and he attacks the legality of his transfer to the New Jersey State Prison.
In reference to sentences to the New Jersey Reformatory at Rahway, sec. 316 of L. 1918, c. 147 (R.S. 30:4-147) states:
*595 "Any male person between the ages of sixteen and thirty years, who has been convicted of a crime punishable by imprisonment in the state prison, who has not been previously sentenced to a state prison or a penitentiary in this or any other state, may be committed to the reformatory."
Petitioner concedes that nothing therein precludes a second commitment to the Rahway institution.
However, the petitioner relies upon the provisions of R.S. 30:4-151:
"Any male between the ages of sixteen and twenty-six years, who has been convicted of a crime punishable by imprisonment in the state prison, who has not previously been sentenced to a state prison, reformatory or a penitentiary in this or any other state, may be committed to the reformatory at Annandale or to the reformatory at Rahway, but no person who has been previously convicted of a crime punishable by imprisonment in the state prison, and sentenced to a prison, reformatory or penitentiary may be sentenced to the reformatory at Annandale."
It might be possible through a literal reading of the above section, without an investigation as to its sources, to accept prisoner's position that a second Rahway sentence was illegal. However, the State argues that R.S. 30:4-151 was intended to pertain to sentences to Annandale and not to limit the class of persons committed to Rahway. The State's contention is correct.
R.S. 30:4-151 is classified and arranged under Subdivision C (entitled "Annandale Reformatory") of Article 12, Chapter 4, Title 30. R.S. 30:4-147 is, on the other hand, classified under Subdivision B, entitled "New Jersey Reformatory." However, these classifications cannot be the basis for the conclusion that R.S. 30:4-151 does not limit the class of males, in view of R.S. 1:1-5:
"The classification and arrangement of the several sections of the Revised Statutes have been made for the purpose of convenience, reference and orderly arrangement, and therefore no implication or presumption of a legislative construction is to be drawn therefrom."
Nonetheless, other reasons exist for this conclusion, as an examination of the sources of the section discloses.
*596 The New Jersey Reformatory at Annandale was established pursuant to legislation enacted in 1929. Sec. 2 of L. 1929, c. 101, reads:
"Any male person between the ages of sixteen and thirty years, who has been convicted of a crime punishable by imprisonment in the State Prison, who has not previously been sentenced to a State prison or a penitentiary in this or any other State, may be committed to the said reformatory."
This provision was amended by sec. 2 of L. 1933, c. 187 by reducing the maximum age to 26 years. The legislation remained in this posture at the time of the adoption of sec. 30:4-151 of the 1937 Revision.
The Revision of 1937 is a wholly independent enactment superseding all preexisting general laws. However, there is a presumption against a legislative intent to effect a change in substance by a revision of the general laws. Murphy v. Zink, 136 N.J.L. 235 (Sup. Ct. 1947), affirmed 136 N.J.L. 635 (E. & A. 1947). It is clear that there was no intention by the Legislature to change the law concerning commitments to Rahway through the adoption of R.S. 30:4-151.
The second sentence to Rahway was not invalid under the first contention advanced by the prisoner. Turning to the second point, was the transfer from Rahway to the State Prison illegal?
R.S. 30:4-85 was amended by L. 1948, c. 203 so as to permit inmates of certain correctional institutions for males (including Rahway) to be transferred to the State Prison by order of the Commissioner of the Department of Institutions and Agencies. At the time petitioner was sentenced to Rahway, no legislation was yet in existence providing for transfers therefrom to the State Prison. Is the transfer act constitutional? Did the Legislature intend this statute to be retrospective? Assuming the act to be both constitutional in force and retrospective in effect, can the action of the Commissioner be here reviewed?
*597 This court should not pass upon these questions. Whether these matters fall within the purview of a writ of habeas corpus, proceedings in lieu of prerogative writ or some other proceeding, need not now be determined. These issues have already received consideration in our reported cases. Stagway v. Riker, 84 N.J.L. 201 (Sup. Ct. 1913); In re White, 10 N.J. Super. 600 (Cty. Ct. 1950).
Although the second sentence to Rahway was imposed by the Morris County Court, the petitioner is not presently incarcerated within Morris County and the office of the Commissioner of Institutions and Agencies is situated in Mercer County. The Morris County Court under these circumstances has jurisdiction merely to correct an illegal sentence as defined in Rule 2:7-13. We find its sentence valid and the petitioner is denied relief.