15 N.J. Super. 417 (1951)
83 A.2d 539
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER BALLARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided October 4, 1951.
*418 Before Judges JACOBS, EASTWOOD and BIGELOW.
*419 Mr. Walter Ballard, pro se, for the appellant.
Mr. William R. Smith, Prosecutor, Salem County, for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
The defendant was convicted of carnal abuse in 1939, was sentenced to Annandale Reformatory for an indeterminate term, and was paroled in 1940. In 1943 he was convicted and sentenced on several charges including breaking and entering; he escaped from prison and was sentenced therefor in 1947. He completed these sentences on May 26, 1950, and is now confined for the purpose of serving the balance of his Annandale sentence in accordance with the terms of his parole which was revoked after his conviction in 1943. His present confinement is in New Jersey State Prison pursuant to a transfer by the Commissioner of Institutions and Agencies. See R.S. 30:4-85.
The defendant filed a petition in the Law Division for writ of habeas corpus attacking his 1939 conviction. He alleged that at that time he was 18 years of age, requested permission to make arrangements to engage counsel but was refused, was ignorant of his rights and accepted such refusal as final; under misapprehension, he signed a waiver of his right to jury trial and request that he be tried in Special Sessions Court, was thereafter improperly advised that his waiver implied an admission of the charge requiring that he plead guilty, and concluded that there was nothing left for him to do but enter a plea of guilty; he entered a plea of guilty and his conviction was on the basis thereof without any testimony or further trial. On May 3, 1951, his petition was denied by the lower court in a letter opinion which properly disposed of other incidental allegations but refused to consider the defendant's charge that the State, in obtaining his plea of guilty, had deprived him of his constitutional rights and that his conviction thereon was beyond the jurisdiction of the court. In support of its refusal the lower court referred to *420 the fact that the petition contained no explanation for the delay in the defendant's attack on the constitutional validity of his 1939 conviction and cited In re Tremper, 126 N.J. Eq. 276 (Ch. 1939) (affirmed on other ground, 129 N.J. Eq. 274 (E. & A. 1940)), where Vice-Chancellor Buchanan broadly held that application by a prisoner for a writ of habeas corpus may, in the court's discretion, be denied because of delay in attacking his conviction. Compare In re Zee, 13 N.J. Super. 312, 323 (Cty. Ct. 1951) with In re Gladstone, 12 N.J. Super. 589, 592 (Cty. Ct. 1951).
The accused's right to counsel is a fundamental one. Powell v. Alabama, 287 U.S. 45, 70, 77 L.Ed. 158, 171 (1932). Insofar as criminal proceedings in our state courts are concerned, it is guaranteed by Article I of the Constitution of New Jersey. See also Rule 2:12-1; R.S. 2:190-3. Cf. State v. Murphy, 87 N.J.L. 515 (E. & A. 1915). Insofar as criminal proceedings in the federal courts are concerned, it is guaranteed by the Sixth Amendment of the Constitution of the United States. Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed. 1461 (1938). Recent decisions by the United States Supreme Court display a significant tendency to insure, under appropriate circumstances, the right to counsel as a matter of due process within the Fourteenth Amendment. See Gibbs v. Burke, 337 U.S. 773, 780, 93 L.Ed. 1686, 1691 (1949); Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 93 L.Ed. 127 (1948). Thus, in the Gibbs case the court stated that its "decisions have been that where the ignorance, youth, or other incapacity of the defendant made a trial without counsel unfair, the defendant is deprived of his liberty contrary to the Fourteenth Amendment." And in the Uveges case the court held that the conviction of a 17-year-old youth for robbery on his plea of guilty was in violation of the Fourteenth Amendment where it appeared that he was not represented by nor informed of his right to counsel. Under the particular circumstances there presented the accused's failure to make affirmative request for counsel did not constitute an intelligent and voluntary waiver thereof *421 fairly binding upon him. See Rice v. Olson, 324 U.S. 786, 89 L.Ed. 1367 (1945); Johnson v. Zerbst, supra; Ex parte Carter, 14 N.J. Super. 591 (Cty. Ct. 1951). But cf. State v. Raney, 63 N.J.L. 363 (Sup. Ct. 1899). Nor did the fact that the accused decided to plead guilty impair his right to counsel. See Williams v. Kaiser, 323 U.S. 471, 475, 89 L.Ed. 398, 402 (1945) where the court said:
"The decision to plead guilty is a decision to allow a judgment of conviction to be entered without a hearing  a decision which is irrevocable and which forecloses any possibility of establishing innocence. If we assume that petitioner committed a crime, we cannot know the degree of prejudice which the denial of counsel caused. See Glasser v. United States, 315 U.S. 60, 75, 76, 86 L.Ed. 680, 701, 702, 62 S.Ct. 457. Only counsel could discern from the facts whether a plea of not guilty to the offense charged or a plea of guilty to a lesser offense would be appropriate. A layman is usually no match for the skilled prosecutor whom he confronts in the courtroom. He needs the aid of counsel lest he be the victim of over zealous prosecutors, of the law's complexity, or of his own ignorance or bewilderment."
In the instant matter, it seems clear that the petition adequately set forth an unconstitutional deprivation of the right to counsel. The defendant was young and the charge was a serious one under which he could be imprisoned for 15 years. See R.S. 2:163-1. Accepting, for present purposes, the allegations of the petition, he was refused the right to make arrangements for the engagement of counsel, signed the waiver of his right to jury trial under a misapprehension, and entered his plea when he was improperly advised that his waiver implied an admission of the charge requiring that he plead guilty. Although different facts may be disclosed when the defendant is called upon to carry his burden of establishing, by proper proof, the essentials of his claim of deprivation of his constitutional right to counsel, his petition was legally sufficient to require hearing thereon. Walker v. Johnston, 312 U.S. 275, 286, 85 L.Ed. 830, 836 (1941).
The remaining question is whether the lower court's action may be sustained because of the lapse of 12 years between the conviction and the petition. Although there is *422 admittedly no fixed time limit within which the writ of habeas corpus may be sought, there are decisions in which courts have expressed the view that the issuance of the writ may, under proper circumstances, be denied because of the delay in seeking it. See In re Tremper, supra; In re Zee, supra; 39 C.J.S. 619 (1944). But cf. In re Gladstone, supra; People ex rel. Albanese v. Hunt, 177 Misc. 151, 30 N.Y.S.2d 137 (Sup. Ct. 1941), reversed on other ground in 266 App. Div. 105, 41 N.Y.S.2d 646 (1943). The historic writ of habeas corpus is "the precious safeguard of personal liberty" (Bowen v. Johnston, 306 U.S. 19, 26, 83 L.Ed. 455, 461 (1939)) and courts are properly zealous to insure its availability for protection of the accused. See Note, The Freedom Writ, 61 Harv. L. Rev. 657 (1948). Thus, the reports contain instances in which unconstitutional convictions have been set aside on habeas corpus even after the lapse of decades. See Reid v. Sanford, 42 F. Supp. 300 (N.D. Ga. 1941); Voight v. Webb, 47 F. Supp. 743 (E.D. Wash. 1942). We need not determine whether, under other circumstances, the denial without hearing of a petition for a writ of habeas corpus alleging that the petitioner is in custody under conviction in a proceeding in which he was unconstitutionally deprived of his right to counsel may be justified because the petitioner's long delay has prejudiced the State (Commonwealth ex rel. Quinn v. Smith, 144 Pa. Super. 160, 19 A.2d 504 (1941); Taft, J., concurring in In re Levenson, 154 Ohio St. 278, 95 N.E.2d 760 (1950)); we are satisfied that in the instant matter such denial was improper. Cf. Ex Parte Carter, supra. Although our decisions state that the writ of habeas corpus is issuable in the discretion of the court (In re Van Winkle, 3 N.J. 348, 355 (1950)) they recognize that when proper cause is shown the issuance of the writ is a matter of right. In re Thompson, 85 N.J. Eq. 221, 249 (Ch. 1915); In re Davis, 107 N.J. Eq. 160, 166 (Ch. 1930). The defendant's petition set forth proper cause and although it also disclosed the lapse of time since the conviction, that without more did not sufficiently support the denial of his petition *423 without hearing. It ought be noted that when the defendant was released on parole in 1940 he was still a minor; thereafter, while on parole or lawfully imprisoned on his 1943 and 1947 sentences he had no occasion to complain, and presumably it was not until May 26, 1950, when he was first confined for the purpose of serving the unexpired portion of his 1939 sentence, that he acquired legal standing to maintain his habeas corpus proceeding seeking release from State Prison. See McNally v. Hill, 293 U.S. 131, 79 L.Ed. 238 (1934); 39 C.J.S. 443 (1944).
The action of the lower court is reversed and the cause is remanded for hearing and further proceedings in conformity with this opinion.