17 N.J. Super. 467 (1952)
86 A.2d 291
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DOUGLAS E. GLADSTONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided January 24, 1952.
*468 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Douglas E. Gladstone, pro se, for the appellant.
Mr. John D. Collins, Prosecutor, Morris County, for the respondent (Mr. Oscar F. Laurie, Assistant Prosecutor, on the brief).
The opinion of the court was delivered PER CURIAM.
In 1941 the defendant pleaded guilty to charges of breaking, entering and larceny and was placed on probation; in 1943 he pleaded guilty to the charge of atrocious assault and battery and was sentenced to an indeterminate term in Rahway reformatory; in April, 1946, he was paroled and in December, 1946, he pleaded non vult to the charge of carrying a concealed weapon, was sentenced to Rahway *469 reformatory, and was transferred in 1948 to state prison; on June 20, 1949, he completed service of his sentence for carrying a concealed weapon and is now confined to state prison for the purpose of serving the balance of his original sentence for atrocious assault and battery. See State v. Parker, 15 N.J. Super. 412 (App. Div. 1951).
In July, 1950, an application by the defendant for writ of habeas corpus was denied by Judge Lance sitting in the Morris County Court; in August, 1950, a similar application was denied by Judge Hutchinson sitting in the Mercer County Court; in March, 1951, Judge Lance declined to alter the sentence imposed upon the conviction for carrying a concealed weapon (In re Gladstone, 12 N.J. Super. 589 (Cty. Ct. 1951)), and in June, 1951, he denied an application to set aside that conviction. On May 1, 1951, Judge Hughes, sitting in the Mercer County Court, disposed of a further application for writ of habeas corpus by a letter opinion which properly determined the defendant's first claim relating to incentive commutation time and then referred to the defendant's allegation that his 1943 conviction was invalid because he was not assigned counsel or advised of his right thereto and the substantial lapse of time since that conviction, and denied relief citing In re Tremper, 126 N.J. Eq. 276 (Ch. 1939) and In re Zee, 13 N.J. Super. 312 (Cty. Ct. 1951).
On his appeal to this court the defendant seeks to attack his 1946 conviction by asserting that the local police had made an improper search of his mother's home where the weapon was found and that he had not carried any concealed weapon. The 1946 conviction was duly entered pursuant to the defendant's voluntary plea of non vult, no appeal from the conviction was prosecuted within the time allowed, and the sentence imposed was fully served. Under the circumstances it is clear that the defendant is in no position to assert on habeas corpus that the conviction was improper on the grounds advanced. See State v. Zee, 16 N.J. Super. 171 (App. Div. 1951).
*470 The defendant also seeks to attack his 1943 conviction on the ground that although it was entered pursuant to his voluntary plea of guilty he had not been assigned counsel and had not been affirmatively advised of his right thereto. He does not assert that he was refused counsel, or that he was unaware of his right thereto, and although he was then only 19 years of age he admittedly had had an encounter with the criminal law two years earlier and was on probation. The issue before us is whether, under these circumstances, the County Court acted within its authority in denying the defendant's petition for writ without any formal hearing thereon. Cf. State v. Ballard, 15 N.J. Super. 417 (App. Div. 1951), certif. granted 8 N.J. 320 (1951).
In the Ballard case the defendant's petition alleged that at the time of his conviction he was 18 years of age and ignorant of his rights, had been refused permission to make arrangements for counsel, had signed a waiver under misapprehension, and had been wrongfully advised that his waiver implied an admission of the charge requiring that he plead guilty. This court accepted the view that conviction for a serious crime involving imprisonment up to 15 years, pursuant to a plea of guilty entered without counsel under the described circumstances, if true, would be so unfair and shocking to "a sense of justice" (Rochin v. California, 72 S.Ct. 205, 342 U.S. 165, (U.S., Jan. 2, 1952)) as to violate the due process clause of the Fourteenth Amendment. See Gibbs v. Burke, 337 U.S. 773, 780, 93 L.Ed. 1686, 1691 (1949); Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 93 L.Ed. 127 (1948). Accordingly it directed a hearing on the petition rejecting, under the particular facts there presented, the additional contention that the defendant was not entitled to a hearing solely because of the lapse of 12 years between the conviction and the petition. See Palmer v. Ashe, 72 S.Ct. 191, 342 U.S. 134 (U.S., Dec. 11, 1951) where the Supreme Court reversed the state court's dismissal without hearing of a petition for writ of habeas corpus, filed over 18 years after the defendant's conviction and grounded upon a claim that his *471 plea of guilty had been unfairly entered without benefit of counsel.
Although we reaffirm our holding in the Ballard case we are satisfied that the defendant in the instant matter has not brought himself within it. Nowhere does he assert facts which would indicate that his plea of guilty in 1943 was obtained unfairly in violation of the Fourteenth Amendment. Cf. State v. Miller, 16 N.J. Super. 251, 258 (App. Div. 1951). He simply asserts that he was not assigned counsel nor affirmatively advised of his right thereto, though for all that appears he was fully aware of such right. The Supreme Court has repeatedly recognized that a state conviction in a non-capital case is not invalidated under the Fourteenth Amendment by a showing, without more, that it was entered pursuant to a plea of guilty without counsel or affirmative advice of the right thereto. Bute v. Illinois, 333 U.S. 640, 92 L.Ed. 986 (1947); Foster v. Illinois, 332 U.S. 134, 91 L.Ed. 1955 (1947).
Since no violation of the Federal Constitution has been shown, the only remaining question is whether there was any deprivation of rights under state law sufficient to warrant relief on habeas corpus. This inquiry must be answered in the negative under controlling state decisions. See State v. Murphy, 87 N.J.L. 515 (E. & A. 1915) and State v. Raney, 63 N.J.L. 363, 365 (Sup. Ct. 1899) where Chief Justice Magie, in dealing with a case on direct review within the time allowed, said:
"In the absence in the record and proceedings of any indication that the accused desired the assistance of counsel and was denied it, it will be presumed that he failed to ask that counsel be assigned for his defense, and chose to defend himself. The right and privilege is not denied by mere failure to assign counsel."
Cf. People v. Wilson, 399 Ill. 437, 78 N.E.2d 514 (1948), cert. denied 334 U.S. 848, 92 L.Ed. 1771 (1948) rehearing denied 335 U.S. 839, 93 L.Ed. 390 (1948); 3 A.L.R.2d 1003 (1949). When our new rules of practice were adopted *472 in 1948 they embodied an express provision requiring the court to advise a defendant, who appears in court without counsel, of his right to counsel, and to assign counsel to represent him at the trial unless he elects to proceed without counsel or is able to obtain counsel. Rule 2:12-1. However, this provision had no retroactive effect (cf. Norris v. United States, 190 F.2d 186, 188 (C.C.A. 5, 1951)), it in no wise impaired the defendant's conviction in 1943, and it furnished no reason for issuance of writ of habeas corpus in the instant matter.
On the basis of the foregoing we have reached the conclusion that the denial below of relief to the defendant did not constitute legal error; accordingly, we need not consider the additional grounds for denial advanced by the State.
Affirmed.