19 N.J. Super. 597 (1952)
89 A.2d 48
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE JAMES WALTERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered May 12, 1952.
Decided May 21, 1952.
*598 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Eugene T. Urbaniak, Deputy Attorney-General, for plaintiff-respondent (Mr. Theodore D. Parsons, Attorney-General, attorney).
Mr. Willie James Walters, pro se, for defendant-appellant.
PER CURIAM.
The defendant appeals from the denial by the Mercer County Court, Law Division, of his application for a writ of habeas corpus to review the judgment of conviction by the Cumberland County Court on an indictment returned against him on September 20, 1945, charging him with murder in the first degree. On October 4, 1946, on *599 advice of his court appointed counsel, defendant entered a plea of guilty to second degree murder and was thereupon sentenced to serve not less than 20 nor more than 30 years in State Prison, where he is presently confined.
In its refusal to grant the writ, the Mercer County Court held, under the authority of In re Tremper, 126 N.J. Eq. 276 (Ch. 1939), that the defendant, not having taken any appeal and not having made any application for habeas corpus "in attempted vindication of these constitutional rights * * * his later application to correct these constitutional errors, is considered as a `fraud and imposition' on the courts and people of the State of New Jersey."
The defendant contends that his constitutional rights to a speedy and public trial were violated in that he was confined to the Cumberland County jail for approximately 13 1/2 months before the State brought him to trial; and that he did not have adequate counsel to represent him in the preparation for trial and in connection with the plea entered by him.
"Although there is admittedly no fixed time limit within which the writ of habeas corpus may be sought, there are decisions in which courts have expressed the view that the issuance of the writ may, under proper circumstances, be denied because of the delay in seeking it. See In re Tremper, supra; In re Zee, supra [13 N.J. Super. 312 (Cty. Ct. 1951)]; 39 C.J.S. 619 (1944). But cf. In re Gladstone, supra [12 N.J. Super. 589 (Cty. Ct. 1951)]; People ex rel. Albanese v. Hunt, 177 Misc. 151, 30 N.Y.S.2d 137 (Sup. Ct. 1941), reversed on other ground in 266 App. Div. 105, 41 N.Y.S.2d 646 (1943)." State v. Ballard, 15 N.J. Super. 417, 421, 422 (App. Div. 1951), affirmed 9 N.J. 402 (May 19, 1952). On the contrary, the writ of habeas corpus has been issued and unconstitutional convictions have been set aside even after the lapse of many years. State v. Ballard, supra; State v. Zasada, 19 N.J. Super. 589 (App. Div. 1952). We need not necessarily determine, in the instant case, that the defendant's constitutional rights *600 were violated, but we conclude that the writ should have been issued to afford the defendant a hearing.
The action of the lower court is reversed and the cause is remanded for hearing and further proceedings in conformity with this opinion.