THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMANUEL DOLD, Appellant, against WALTER B. MARTIN, as Warden of Attica State Prison, Respondent.

Fourth Department, May 19, 1954.

*John F. Dwyer, District Attorney* (*Robert A. Burrell* of counsel), for respondent.

*Emanuel Dold,* appellant in person.

KIMBALL, J. The County Court of Wyoming County dismissed a writ of habeas corpus. The relator appeals to this court. Briefly stated, it is appellant's contention that the County Court of Erie County had no jurisdiction to take his plea and pronounce judgment upon him. The record before us shows that the appellant was indicted by a Grand Jury at the April, 1951, Criminal Term of the Supreme Court in the County of Erie for the crime of burglary, third degree, attempted grand larceny in the first degree and violation of section 408 of the Penal Law. He was duly arraigned in the Supreme Court on April 27, 1951, at which time the court granted the District Attorney's motion to amend the indictment. Thereafter, the defendant-appellant was advised of his right to counsel and counsel being present, he entered a plea of not guilty. There the matter rested so far as any further proceedings in the Supreme Court. The record next discloses proceedings in the County Court of Erie County on May 11, 1951. At that time it appears that defendant was before the County Court in person and by attorney. He was advised of his right to counsel. He then withdrew his former plea of not guilty and pleaded guilty to attempted grand larceny. On June 1, 1951, in Erie County Court, the third count of the indictment was dismissed upon motion of the District Attorney and defendant-appellant was sentenced to Attica State Prison for a term of five to ten years. The record discloses no order of the Supreme Court, in which the indictment was found, in conformity with section 22 (subd. 6) of the Code of Criminal Procedure. It is conceded that no such order was entered in the

minutes of the Supreme Court. The record is devoid of any notation by a court clerk or any other official upon the indictment or other record which in any way indicates that such order was in fact made. Moreover, it appears that, at the habeas corpus hearing, no testimony was taken. The memorandum of the Wyoming County Judge which concededly states the correct facts recites: " The record, as presented to this court, is completely silent as to any transfer or lack of transfer of the indictment from the Supreme Court to County Court. No notation has been presented to the court by either the relator or the respondent showing that such a transfer either was or was not made."

Upon the return of the writ in Wyoming County Court, the respondent, Warden of Attica State Prison, was represented by the Attorney-General's office. Upon this appeal, the District Attorney of Erie County, by his assistant, appeared and submitted a brief in behalf of the respondent, evidently at the instance of the Attorney-General. The proceeding being of a civil nature, the assistant district attorney was in some doubt as to his standing in court to represent the respondent, Warden of Attica State Prison. Under the circumstances, this court heard his argument and accepted his brief. Although the brief touches upon other points, the assistant district attorney, upon the argument, stated that he was relying solely upon the presumption of regularity and we think that is the only question presented for our determination. The respondent relies upon the cases of *People* v. *Bradner* (107 N. Y. 1); *People ex rel. Albanese* v. *Hunt* (266 App. Div. 105, affd. 292 N. Y. 528) and *People ex rel. Peachin* v. *Foster* (186 Misc. 366, affd. 271 App. Div. 809). We are of the opinion that the decisions in those cases do not sustain the respondent's position. We think that upon the record which was before the County Judge on the return of the writ and which is before us, the County Court of Erie County at no time acquired jurisdiction of this indictment and was without power to proceed upon it; that all proceedings had before the said County Court are a nullity.

It has never been doubted that in a court of record there is a presumption, in the absence of proof to the contrary, that its proceedings are regular and in accordance with the rules of law. That, however, is not what is here presented. The question is not merely one of regularity of proceedings but one of essential jurisdiction. The proceedings in the County Court so far as observing the constitutional and statutory rights of the defendant is concerned, are not in question. The County Court

may have proceeded with the utmost regularity in those respects but if it had no jurisdiction to proceed at all, its acts and determination and judgment are void and a nullity. (See 7 R. C. L., Court, § 59.) Likewise, there may be no waiver of jurisdiction in a court of limited and statutory jurisdiction insofar as the subject matter is concerned. (22 C. J. S., Criminal Law, § 161, p. 257, and authorities there collated.)

The County Court is strictly a court of limited statutory jurisdiction. The Legislature may enlarge or restrict its jurisdiction within the limitations provided in article 6 (§ 11) of the Constitution of the State. As to criminal matters, the jurisdiction of the County Court is set forth in section 39 of the Code of Criminal Procedure. Subdivision 2 of section 39 confers upon County Courts jurisdiction " To try and determine indictments found therein or sent thereto by the Supreme Court ''. Section 22 (subd. 6) of the Code of Criminal Procedure gives authority to the Supreme Court to send a Supreme Court indictment to County Court " by an order, entered in its minutes ''. Unless and until, therefore, such an order is made the County Court acquires no jurisdiction of an indictment found in Supreme Court. We have been cited to no case where the whole record is before the court and which record is silent as to an order of transfer, which holds that there is any presumption that such order was made. In each of the three cases above referred to, the record contained some notation or evidence that the order was in fact made. It was held by this court in the *Albanese* case (*supra*) that the entry of the order in the minutes was a ministerial act and failure of such entry did not vitiate the transfer of the indictment if there was such order. In that case there was a notation on the indictment by the deputy county clerk that the indictment was transferred to County Court. It was held that such notation was sufficient to show that an order of transfer was made. In the *Peachin* case (*supra*, p. 368) there was testimony of a Justice of the Supreme Court as to the practice to remit indictments and there also was a record in the District Attorney's office stating " Case sent to County Court by general order." We did not hold in *People ex rel. Albanese* v. *Hunt* (*supra*) that there was a presumption of a valid transfer from Supreme to County Court. The opinion (Harris, J.) infers to the contrary. It was said: " Even though it could be argued successfully that the County Court was limited in its jurisdiction so that there was no presumption that the indictment was validly transferred by the Supreme Court,

there is in the record proof which leads to an unrebutted presumption that the transfer was valid.'' In the present case there is absolutely no proof in the record to raise a presumption that an order was made.

The general rule is that in criminal courts of limited statutory jurisdiction, the record must show the facts conferring jurisdiction and no presumption of jurisdiction is indulged in. (22 C. J. S., Criminal Law, § 160, p. 256, and authorities there cited.) The case of *People* v. *Bradner* (107 N. Y. 1, *supra*) is not to the contrary. In that case the indictment was found in the Court of Oyer and Terminer and the conviction and judgment in the Court of Sessions. The record was silent as to an order of transfer. It was conceded that an order was essential to confer jurisdiction upon the Court of Sessions. The case came to the Court of Appeals on appeal from the judgment of conviction. The record was the record on appeal, not, as in the instant case, a complete record of all proceedings. The opinion (ANDREWS, J.) said (p. 5): '' The bare fact that no order appears in the record [on appeal] does not show that an order was not made. The omission may have resulted from inadvertence in making up the record.'' In the instant case, there is no inadvertence. The record shows there was no order. In the *Bradner* case, the decision was also based upon the fact that the Courts of Sessions were, from Colonial times, courts of general criminal jurisdiction. This was true at common law. (Blackstone, Book 4, ch. 19.) Judge ANDREWS distinguished *Frees* v. *Ford* (6 N. Y. 176) which held that County Courts were courts of special and limited jurisdiction and that the facts necessary to give jurisdiction must appear in the record. The distinction was that there was no presumption of jurisdiction in courts of limited statutory jurisdiction. The *Bradner* case simply held that presumption of jurisdiction of a court of general criminal jurisdiction would be indulged in on appeal where the *record on appeal* was silent as to whether there was or was not an order of transfer. The court went further and said it could hardly be doubted that there was such order since it was stated in an affidavit of the defendant that there was.

In *Gilbert* v. *York* (111 N. Y. 544, 549) Judge ANDREWS again had the question. There it was as to a presumption of jurisdiction in County Courts. He followed *Frees* v. *Ford* (*supra*) and it was held that County Courts are to be regarded as courts of limited jurisdiction; that the complaint being silent as to the residence of the defendant in the county, '' there is not simply an

absence of any information in the complaint, one way or the other, as to the fact, but an affirmative presumption, from its silence on the point, that the defendant was not a resident of the county when the action was commenced, and, therefore, the fact does appear on the face of the complaint that the County Court did not acquire jurisdiction, an objection which was properly taken by demurrer.''

The *Bradner* case (*supra*) was cited in *People ex rel. Forsyth* v. *Court of Sessions* (141 N. Y. 288, 292). There the question was raised as to the power of the Court of Sessions to suspend judgment after conviction. It was held that such power was inherent in such courts and that the Court of Sessions was one possessing superior criminal jurisdiction and common-law powers. '' It possesses all the powers formerly exercised by superior courts of criminal jurisdiction in England, except so far as these powers have been changed or abrogated by statute.'' On the contrary, the County Courts possess no powers except those conferred on them by statute.

It is our opinion, therefore, that the record being silent as to an order and there being no presumption that it was made by any proof in the record, the County Court of Erie County, a court of limited statutory jurisdiction, acquired no jurisdiction to proceed upon the indictment and that all of its proceedings and the judgment rendered are a nullity. It follows that the indictment is still pending in the Supreme Court in Erie County; that the defendant-appellant has pleaded not guilty thereto and should be brought to trial. The order dismissing the writ should be reversed, the writ sustained and the relator remanded to the custody of the Sheriff of the County of Erie for further proceedings upon the indictment according to law.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and VAN DUSER, JJ.

Order reversed, without costs of this appeal to either party, writ sustained, and relator remanded to the custody of the Sheriff of Erie County at Attica Prison, for further proceedings under the indictment in the Supreme Court of Erie County.