■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. WATSON, Appellant, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from a final order of the County Court, Clinton County, which dismissed a writ of habeas corpus and remanded the relator to the respondent Warden of Clinton Prison. Relator was indicted by a Grand Jury, sitting as a part of the Supreme Court in Franklin County, upon five indictments charging him with the crimes of sodomy and carnal abuse of a child. He entered a plea of guilty to the crime of sodomy, as charged in one indictment, before the Franklin County Court and was sentenced to a term of not less than 7 nor more than 20 years. Upon the motion of the District Attorney the remaining four indictments were thereupon dismissed. In his application for a writ of habeas corpus petitioner alleged that his imprisonment was illegal upon the ground that he was not arraigned in court upon the indictment returned against him; that there was no order transferring the indictment from the Supreme Court to the County Court, and that his counsel advised him, prior to his plea of guilty, that the court was in favor of granting a suspended sentence. He was granted a hearing by the County Court of Clinton County, at which he was present, and thereafter the writ was dismissed. So far as the transfer of the indictments from the Supreme Court to the County Court is concerned the stenographer's minutes, and the clerk's minutes, clearly indicate that a transfer was made. No formal order of transfer was entered but the absence of such an order did not affect any substantial right of the petitioner (*People* v. *Bailey,* 164 App. Div. 756, affd. 215 N. Y. 711: *People* v. *Shulenberg,* 279 App. Div. 1115); and in any event such a question concerning the transfer of an indictment should have been brought to the attention of the court at the first opportunity. There is authority to the effect that the failure to assert such a claim amounts to a waiver (*People* v. *Washor,* 196 N. Y. 104), and this would be particularly true where a defendant, as in the case here, was represented by counsel at the time of sentence. When the relator was arraigned before the County Court of Franklin County he was represented by counsel who waived the reading of the indictment, and thereafter a plea of guilty to the crime of sodomy as charged in one specific indictment was entered. We find nothing of substance in the record to support the

appellant's contention that he was improperly imprisoned. Order unanimously affirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.