■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GORDON FINK, Appellant, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appellant attempts to appeal from a decision of RYAN J., denying, without a hearing, his petition for a writ of habeas corpus. There being no order contained in the record on appeal, the matter must be dismissed on its merits. The basis for the attempted appeal concerns a 1937 conviction which the relator argues should be annulled as there never was a transfer from Supreme to County Court. At the proceedings when he pled guilty and was sentenced he was represented by counsel. The record contains a certified copy of the original indictment on which is a notation " Sent to the County Court the 18th day of June, 1937 ". There has been submitted an additional exhibit at the top of which is " File 166 — Page 185 " and contains a notation that on June 18 the indictments presented to the Supreme Court were by order transferred to the County Court for disposition. Such documentary evidence is sufficient to comply with the provisions of the Code of Criminal Procedure. (*People ex rel. Albanese* v. *Hunt*, 266 App. Div. 105, affd. 292 N. Y. 528; *People ex rel. Bova* v. *Wallack*, 7·A D 2d 666.) Proceeding dismissed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of MILDRED K. FRENCH, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles revoking petitioner's operator's license following a hearing. The revocation was made pursuant to section 71 (subd. 3, par. [a]) of the Vehicle and Traffic Law, after a Referee had determined that petitioner had violated section 58 of the Vehicle and Traffic Law, which defines reckless driving. One Hotchkiss was driving his car in an easterly direction on Route 17 near Owego. There was another car parked on the south side of the highway headed east about three feet off the paved portion of the road and parallel with the pavement. Petitioner temporarily stopped her car on the south shoulder of the road headed in a westerly direction, immediately to the east of the parked car. Hotchkiss testified that petitioner suddenly drove her car onto the highway directly in front of him, without lights. In attempting to avoid colliding with petitioner's car Hotchkiss sideswiped the parked car, caromed off and hit the left front portion of petitioner's car. Petitioner contends that she had not moved her car from its standing position on the shoulder of the road prior to the collision. The overwhelming weight of evidence, especially the photographic exhibits, supports the version of the accident given by Hotchkiss. In any event, a clear cut question of fact was presented to the Referee and there is ample evidence to support his determination. Determination unanimously confirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson, and Reynolds, JJ.