OPINION OF THE COURT
Irving Goldman, J.
Petitioner is a resident of Clinton Correctional Facility, having been convicted of robbery in the first degree on April 28, 1976 and sentenced to a term of 12Vfe to 25 years. On March 27,1980, while imprisoned, he was indicted by a Clinton County Grand Jury for assault in the second degree as a result of an alleged altercation with correction officers. On the same date, the indictment was transferred from the Supreme Court of Clinton County to the Clinton County Court. He was arraigned on the indictment some three weeks later on April 21, 1980.
Petitioner now moves for dismissal of the indictment contending that his arraignment was not held within the period required by section 863.3 of the Rules of the Appellate Division, Third Department (22 NYCRR 863.3). Authority for such rule is contained in CPL 230.10 which empowers each judicial department to promulgate rules with respect to the removal of indictments from the Supreme Court to County Court. *184 Rule 863.3 (subd [c]) provides that: “(c) Prior to the removal of an indictment from the Supreme Court of a defendant being held in custody, the justice presiding shall arraign and advise the defendant of his rights, and shall assign counsel, if necessary. In the alternative, the justice presiding may remove such indictment to the County Court provided that a county-level judge is available to conduct the necessary arraignment proceedings within seven days thereafter.” (Emphasis supplied.)
Defendant posits that failure to comply with the rule compels dismissal of the indictment for want of jurisdiction analogizing from People ex rel. Dold v Martin (284 App Div 127), where the Appellate Division, Fourth Department, found that a County Court, being a court of limited statutory jurisdiction, acquired no jurisdiction to proceed on an indictment in absence of a valid order of the Supreme Court transferring the indictment to the County Court; and that jurisdiction cannot be presumed.
Petitioner’s reliance upon this rule for such dismissal is misplaced. It is indisputable that the defendant as an inmate of Clinton Correctional Facility is “being held in custody” since “custody” is defined by the Penal Law as a “restraint by a public servant pursuant to an authorized arrest or an order of a court” (Penal Law, § 205.00, subd 2). However, the term “a defendant being held in custody” as set forth in the rule refers to a defendant in custody by reason of the indictment for which his arraignment is anticipated, and not for an unrelated charge or conviction. The court finds that the underlying basis for the rule to be the speedy arraignment and possible release of an accused jailed for the charge contained in the indictment. Thereby, the accused can be advised of the contents of the indictment enabling him to prepare for his defense by appropriate motions prior to trial and apply for bail, if in custody. It provides an additional safeguard for the effectuation of the policy of this State requiring the speedy disposition of criminal charges as evinced by the enactment of CPL article 30.
Here, Taylor’s imprisonment will continue regardless of his arraignment upon this indictment. Being ineligible for bail, rule 863.3 (22 NYCRR 863.3) contemplating his possi *185 ble freedom following indictment is hardly applicable.
Accordingly, the motion to dismiss the indictment is denied.