11 N.J. Super. 576 (1951)
78 A.2d 734
IN THE MATTER OF THE APPLICATION OF MICHAEL DAMATO FOR ISSUANCE OF WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided February 9, 1951.
*578 Mr. Walter D. Cougle, for the petitioner, in forma pauperis.
Mr. Theodore D. Parsons, Attorney General of the State of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney General, appearing), for the State.
HUGHES, J.C.C.
On the basis of a petition alleging his unlawful detention by the Principal Keeper of the New Jersey State Prison, the writ of habeas corpus was issued to Michael Damato under the authority of R.S. 2:82-1 et seq. On the return of the writ, a full hearing was had, testimony taken and certain stipulations of fact entered in the record by consent of counsel and under the supervision of the court, resulting in the following factual situation being presented:
On January 14, 1944, on conviction for the crime of assault with intent to rape, petitioner was sentenced in the appropriate court in Somerset County to serve not less than 3 nor more than 12 years in the New Jersey State Prison, and immediately entered upon service of such sentence. On February 25, 1946, he was paroled by license issued by the former Court of Pardons, pursuant to its authority under R.S. 2:198-1 (repealed P.L. 1949, c. 18), and was thereafter at large. On September 4, 1947, on conviction of the crime *579 of assault, he was sentenced by the appropriate court in Middlesex County to serve not less than 2 1/2 years nor more than 3 years, and immediately entered upon service of such sentence. The maximum term of this sentence was served by the petitioner and it, after credit of uniform commutation time allowances earned by him under R.S. 30:4-140, expired on July 14, 1950. Meanwhile, on December 22, 1947, the former Court of Pardons had revoked the previous license granted by it on February 25, 1946, by reason of the subsequent conviction of crime.
This being the prisoner's status on July 14, 1950, at the expiration of the sentence imposed upon him in Middlesex County, the State Prison officials, by reason of a clerical error concerning the fact of revocation of such license, released him from prison. This error was later discovered in routine fashion and the petitioner was apprehended on a parole warrant issued by the Principal Keeper of the prison, pursuant to the authority of R.S. 30:4-118, which authorizes service of "a warrant for the arrest of any institutional inmate who shall have left the institution without parole or discharge or whose parole has been revoked * * *." Immediately upon such apprehension, the prisoner was returned to the prison on August 5, 1950, to complete service of the sentence on which he had inadvertently been released, i.e., the unexpired maximum of the sentence imposed upon him in Somerset County on January 14, 1944.
Among several contentions, the prisoner urges that the act of the prison authorities in placing him at liberty is conclusive so far as the State is concerned and that all intendments or presumptions resulting therefrom must run in his favor. It is, however, clear to me that the erroneous release of July 14, 1950, was completely without warrant in law. A condition of the parole license to be at large, which was granted to petitioner in 1946, required him, in the event of revocation thereof, to serve the unexpired maximum term due on such sentence from the time of parole. The time between his release on such license and his return to prison by reason of any subsequent conviction of crime, does not apply in *580 reduction of such obligation (R.S. 2:198-4, repealed P.L. 1949, c. 18). Such a condition is sanctioned by law (R.S. 2:198-1, supra) and is valid and binding on acceptance of the license.
Nor did the time between petitioner's arrival at prison on the subsequent sentence, on September 4, 1947, and the expiration of the maximum term thereof on July 14, 1950, apply in reduction of the unexpired maximum of the first sentence on which said license was revoked, for that interval of time is attributable only to the second sentence, i.e., that imposed in Middlesex County. In re Macejka, 10 N.J. Super. 393, 76 A.2d 843 (Cty. Ct. 1950).
Neither a court nor the prison authorities were empowered to release this prisoner before service of the maximum of the sentence, which he was bound to serve by reason of the revocation of his license to be at large thereon. To excuse him from service of any part thereof (except for commutation time credits under R.S. 30:4-140, supra, to which he was entitled uniformly with other prisoners), would amount to parole and the sole custodian of the power of parole, is the New Jersey State Parole Board. In re Fitzpatrick, 9 N.J. Super. 511, 75 A.2d 636 (Cty. Ct. 1950). The mechanical act of the prison authorities in permitting the prisoner to leave the prison on July 14, 1950, even though it had been intentional rather than in error, has no legal effect whatever.
This being so, the petitioner's apprehension under the authority of the warrant issued by the chief executive official of the prison was fully authorized by law (R.S. 30:4-118, supra), and the circumstances of its execution represent no infringement of due process, nor invasion of constitutional rights. While such inadvertent release was regrettable and the legal necessity of later apprehension unfortunate because of the psychological impact on the mind of the petitioner, these elements, of course, have no effect to avoid the right and the duty of those representing the State to reinstate his status of imprisonment.
There is no merit to the petitioner's contention that a greater punishment was imposed by his second sentence, due *581 to subsequent revocation of parole caused thereby. Such revocation was due to the subsequent conviction, but in a legal sense was attributable to the solemn contract entered into by the petitioner upon accepting the benefits of his license to be at large, namely that he would avoid later commission of crime and fulfill any other conditions. His case does not come within the principle of State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947).
No right exists to a hearing on revocation of a license to be at large as involved in this case. R.S. 2:198-4, supra.
Regarding another contention of petitioner, it is noted that all commutation time to which he is entitled by reason of P.L. 1950, c. 315 has been restored to him.
Accordingly, the prisoner is now serving the unexpired maximum term of the sentence imposed upon him on January 14, 1944, on which his license to be at large was revoked on December 22, 1947, as stated. He is not entitled to immediate release and is required to complete service of such maximum term, unless sooner paroled by the New Jersey State Parole Board.
The writ is, therefore, discharged and the petitioner remanded to the custody of the Principal Keeper of the New Jersey State Prison.