15 N.J. Super. 412 (1951)
83 A.2d 535
STATE OF NEW JERSEY, PLAINTIFF,
v.
HAROLD PARKER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Decided October 4, 1951.
*414 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Harold Parker, pro se.
Mr. Eugene T. Urbaniak, Deputy Attorney-General, for the State.
*415 The opinion of the court was delivered by JACOBS, S.J.A.D.
In 1936 the defendant Harold Parker was convicted for robbery and was sentenced to the New Jersey State Prison for the term of 8 to 15 years. In 1942 he received from its board of managers a parole embodying written terms and conditions which he expressly accepted. Under these terms and conditions he was liable to have his parole revoked and be returned to prison upon his conviction for crime committed after his release with provision that "If you are returned to prison by revocation of parole, the time between your release and your return to prison will not be taken into consideration as part of your sentence and you will be required to serve the maximum sentence that was imposed upon you." While on parole the defendant committed the crime of entering with intent to steal, was convicted and sentenced to three to five years therefor, and began serving this sentence at New Jersey State Prison on January 10, 1945. While on parole he had also committed the crime of assault with intent to rape and upon conviction had received a sentence of three to five years to run concurrently with the sentence for entering with intent to steal.
In February, 1945, the board of managers revoked the defendant's parole and, after he completed his three- to five-year sentence, he was continued in confinement to serve the remaining portion of his original maximum sentence without credit for any time spent on parole or served under the three- to five-year sentence. The defendant contends that this action was erroneous and has filed an original petition in this court seeking a ruling to that effect. Cf. Rule 3:81-10. Although serious questions have been raised as to the form and nature of the proceeding instituted by the defendant, they have not been considered because we are satisfied that the defendant's petition may be dismissed on the merits.
The board of managers had power to impose the terms and conditions of the parole which were accepted by and are binding upon the defendant. See R.S. 30:4-106.1; R.S. 30:4-108; In re Macejka, 10 N.J. Super. 393 (Cty. Ct. *416 1950); Ex Parte Gordon, 105 Vt. 277, 165 A. 905 (1933); People v. Morhous, 273 App. Div. 929, 77 N.Y.S.2d 401 (1948); 67 C.J.S., pp. 613, 614 (1950). And when parole authority was recently transferred to the newly created State Parole Board it was fully vested with jurisdiction over the defendant and power to effectuate the terms and conditions of his parole. R.S. 30:4-123.5.
The terms and conditions of the defendant's parole clearly contemplated that upon his return to prison by revocation of his parole he would serve the unexpired term of his original maximum sentence without any credit for the time spent by him out of confinement on parole. The remaining question is whether he is entitled to have the time served under the three- to five-year sentence credited against the balance of his original maximum sentence on the ground that, since there was no express direction by the court to the contrary, the sentences should be considered as running concurrently rather than cumulatively. Cf. In re DeLuccia, 10 N.J. Super. 374 (Cty. Ct. 1950). We have concluded that this question is properly answered in the negative. The three- to five-year sentence was imposed for the crime of entering with intent to steal, and the defendant's entry in New Jersey State Prison in January, 1945, was solely on conviction for that crime. It had no relation to the violation of his parole; indeed, at that time there had not been any parole revocation or legal consequences thereof. Thereafter in February, 1945, the parole was revoked and the defendant's return "to prison by revocation of parole" did not occur until he was detained, after service of his three- to five-year sentence, for service of the balance of his original maximum sentence. The propriety of such detention is amply supported by the authorities. In re Macejka, supra; In re Damato, 11 N.J. Super. 576 (Cty. Ct. 1951); Zerbst v. Kidwell, 304 U.S. 359, 82 L.Ed. 1399 (1937); Harding v. State Board of Parole, 307 Mass. 217, 29 N.E.2d 756 (1940). See 24 C.J.S., p. 1240 (1941).
The petition is dismissed.