39 N.J. Super. 571 (1956)
121 A.2d 747
JOHN CHERNACHOWICZ, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Decided March 29, 1956.
*572 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. John Chernachowicz, pro se.
Mr. Grover C. Richman, Jr., Attorney-General, and Mr. Eugene T. Urbaniak, Deputy Attorney-General, for the State.
The opinion of the court was delivered by CONFORD, J.A.D.
Appellant was convicted January 31, 1947 on the charge of breaking and entering and associated offenses and sentenced to from five to seven years imprisonment at the State Prison at Trenton. On March 27, 1950 he was paroled by the State Parole Board, effective July 31, 1950, under conditions subscribed by the appellant and inclusive of the following:
"If you violate any of the conditions of parole by being convicted of a crime while on parole, this parole may be revoked without notice and, at the discretion of the State Parole Board, you may be required to serve the time remaining on your sentence (s) as of the effective date of your release on this Certificate of Parole."
On September 18, 1950 appellant was arrested on a fresh charge of breaking and entering. On September 21, 1950 a detainer was lodged against appellant with the arresting authorities as a probable parole violator (N.J.S.A. 30:4-123.22) and he was consequently denied bail and held in custody until November 3, 1950, when he was convicted and sentenced to a term of from eight to ten years at State Prison. He is now in the course of service of that sentence. His parole was revoked by the State Parole Board on November 21, 1950. His present grievance is that it is the position of the State Parole Board, conceded on behalf of the State, that at the conclusion of the eight- to ten-year term now running his status will revert to one of service of the remainder of the unexpired maximum term of the sentence in connection with which he was paroled in 1950, *573 commencing as of the date of his release on parole. He contends: (1) when he was seized, at the instance of the parole authorities, in 1950, and held without bail on the parole violation detainer, he perforce began immediately to serve the unexpired term of sentence imposed for the 1947 crime and that the parole authorities were without authority, at their uncontrolled volition, to interrupt that service notwithstanding the later commencement of his allegedly concurrently running sentence for the 1950 conviction; and (2) the sentencing judge not having indicated whether the later sentence was to be concurrent with service of the remainder of the prior sentence, the presumption is of concurrency.
An application in the Passaic County Court to enjoin the State Parole Board from carrying out the intent aforementioned was denied as premature. We propose to determine the matter on its merits.
The second contention of the appellant, as stated above, is disposed of by L. 1948, c. 84 (N.J.S.A. 30:4-123.1 et seq.). That act created the State Parole Board and revised existing parole practice and regulations. Section 24 of the act (N.J.S.A. 30:4-123.24) provides:
"A prisoner, whose parole has been revoked because of conviction of a crime committed while on parole, shall be required, unless sooner reparoled by the board, to serve the balance of time due on his sentence to be computed from the date of his original release on parole. * * *"
Section 26 of the act (N.J.S.A. 30:4-123.26) provides that if the prisoner at the time of the revocation of the parole is in custody in the same institution from which he was paroled but serving a sentence for a different offense, a copy of the revocation is to be sent to the warden and is to be warrant for the detention of the prisoner "after completion of the sentence then being served, and shall operate to keep the prisoner under continuous confinement until the expiration of the maximum term on the sentence for which he was originally paroled, or until further order of parole by the board."
*574 Section 27 of the act (N.J.S.A. 30:4-123.27) contains comparable provisions applicable in a case where the prisoner is confined in an institution other than the one from which he was paroled. It also provides:
"No part of a sentence, for which a parole has been granted and revoked, shall be deemed to be served by a prisoner, whose parole was revoked, while he is serving a sentence for an offense other than the one for which he was paroled."
We think these provisions were enacted to make explicit and uniform, prospectively, the practice in cases of violation of parole by subsequent commission of crime. There has been considerable litigation over construction of the intent underlying the conditions of parole relative to subsequent conviction of crime commonly included by the various parole agencies in certificates of parole and comparable licenses prior to 1948. See State v. Parker, 15 N.J. Super. 412 (App. Div. 1951); In re Damato, 11 N.J. Super. 576 (Cty. Ct. 1951); In re Kneipher, 12 N.J. Super. 407 (Cty. Ct. 1951); In re Macejka, 10 N.J. Super. 393 (Cty. Ct. 1950). Indeed, in the case last cited, Judge Hughes took notice of the 1948 act, not applicable to the matter before him, and anticipated our present holding that it "denies to a parolee the right to serve a sentence for a subsequent crime and the penalty for parole violation concurrently." (at p. 398) Any other view of the matter would do violence to the obvious public policy involved in requiring a parole violator to serve out the full term of the original sentence without mitigation for time in service of a sentence for a later offense. See Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938).
In State v. Parker, supra, this court held, apart from the effect of the 1948 act, that the principle of presumption of concurrency of sentences is not applicable in a situation of the present type, the subsequent sentencing having been without "relation to the violation" of parole. (15 N.J. Super., at p. 416).
We think the first argument advanced is equally without merit. The filing by the state parole authorities of *575 a detainer against appellant upon his arrest in 1950 did not purport to constitute a revocation of his parole or a reinstitution of his service of the former sentence. As noted, this action is authorized by statute. The parole was not revoked until November 21, 1950, after his conviction. The records in evidence before us show that the time spent in jail by appellant while awaiting arraignment and commitment on the 1950 crime will be credited to the time due to be served by him on the original sentence. This, too, is contemplated by statute. N.J.S.A. 30:4-123.22. He has therefore in nowise been prejudiced. In any event, no action by the parole authorities could have the effect of subverting the express directions for cases such as this ordained by the 1948 enactment. United States ex rel. Howard v. Ragen, 59 F. Supp. 374 (D.C. Ill. E.D. 1945), cited by appellant, is totally inapposite. The present status of appellant's penal servitude, as reflected by the records of the State, is a consequence solely of his convictions, his parole, the conditions thereof and of the 1948 statute, not of any volitional action of the parole authorities.
Judgment affirmed.