91 N.J. Super. 302 (1966)
220 A.2d 117
EUGENE DONNELLY, PLAINTIFF-APPELLANT,
v.
NEW JERSEY STATE PAROLE BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 23, 1966.
Decided May 31, 1966.
*303 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Alfonso L. Pisano, for appellant.
Mr. Eugene T. Urbaniak, Deputy Attorney General, for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
*304 PER CURIAM.
Plaintiff Eugene Donnelly appeals, pursuant to R.R. 4:88-8, from the action of the State Parole Board granting him parole on sentences imposed for subsequently committed crimes and requiring him to serve the unfinished time of prison sentences imposed for previously committed crimes. He had been earlier granted parole on the previous sentences after serving part of the time, but such parole was revoked upon his conviction of the later crimes.
Plaintiff relies upon N.J.S.A. 30:4-123.27 which provides in part:
"* * * No part of a sentence, for which a parole has been granted and revoked, shall be deemed to be served by a prisoner, whose parole was revoked, while he is serving a sentence for an offense other than the one for which he was paroled."
That provision simply means that a parolee may not serve concurrently a sentence for a subsequent crime and a sentence for parole violation. Chernachowicz v. State, 39 N.J. Super. 571 (App. Div. 1956), affirmed 22 N.J. 83 (1956), certiorari denied 352 U.S. 897, 77 S.Ct. 136, 1 L.Ed.2d 89 (1956). Where a parolee is convicted of a subsequent crime and his parole is thereafter revoked, he is subject to imprisonment successively for the subsequent conviction and thereafter for the term of his original sentence. Id.
What Donnelly seeks to accomplish by his present appeal is a complete discharge from confinement for the balance of the 18-26-year terms for the subsequent crimes  he served only six years approximately on account of these sentences  before being required to serve out the balance of the time on the earlier sentences as to which he was enjoying parole prior to its revocation resulting from his commission of the later crimes. N.J.S.A. 30:4-123.27 does not support that claim and was not intended to bring about any such result. Chernachowicz, relied upon by Donnelly, is inapposite to the facts herein.
The law recognizes a status known as "cell parole" whereby a prisoner can be on parole for one offense while *305 serving a sentence for another offense. See In re Fitzpatrick, 9 N.J. Super. 511, 517 (Cty. Ct. 1950); State v. Maxey, 42 N.J. 62, 66 (1964). That is Donnelly's present status. He is on parole so far as the 18-26-year sentences are concerned, but he is confined to prison to serve out the balance of the prior sentences because of the revocation of his earlier parole due to his own misconduct.
The decision of the State Parole Board is affirmed.