We reverse the judgment below and enter judgment in favor of defendant.

NEW JERSEY STATE PAROLE BOARD, RESPONDENT, v. SAMUEL E. BYNES, JR., APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 2, 1983—Decided March 2, 1984.

Before Judges MATTHEWS, J.H. COLEMAN and GAUL-KIN.

*Samuel E. Bynes, Jr.* submitted a brief *pro se.*

*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney for respondent (*Deborah T. Poritz,* Deputy Attorney General, of counsel; *Edward J. Boccher,* Deputy Attorney General, on the brief).

PER CURIAM.

Appellant Bynes is an inmate of the New Jersey State Prison at Rahway and is serving a term of 28–40 years with a consecutive life sentence. On May 23, 1972 appellant was granted a "cell parole" on the 28–40 year term and began serving his life term.

Thereafter the 1979 Parole Act, *N.J.S.A.* 30:4–123.45, was enacted into law and became effective April 20, 1980. Section 7(h) of the Act, *N.J.S.A.* 30:4–123.51(h), provided that for inmates sentenced to more than one term of imprisonment, the individual parole eligibility terms of the sentences were to be aggregated for the purpose of determining a single parole eligibility date. Consequently, a question arose as to whether the aggregation provision of the act applied to inmates serving a life sentence, which is consecutive to another sentence and imposed prior to the effective date of the act.

The Attorney General's Office advised the Board that all life sentences which were consecutive to other sentences, including other life sentences, should be aggregated to determine a single

parole eligibility date whether or not the sentences were imposed prior to the effective date of the Parole Act of 1979.

The Board concluded that the requirement of aggregation contained in *N.J.S.A.* 30:4–123.51(h) applied to persons who were serving sentences at the time the 1979 Parole Act was enacted. Accordingly, it was necessary for the Board to vacate cell-paroles instituted after the effective date of the 1979 Parole Act (April 21, 1980).

Thereafter, on September 18, 1981, appellant wrote to the Parole Board and requested that his sentence be aggregated for purposes of determining a single parole eligibility date. Appellant was advised on November 23, 1981 that since he had received a cell parole prior to the effective date of the act he was not serving an "active custodial term" for aggregation purposes.

Appellant sought leave to appeal the decision of the Parole Board not to aggregate his sentences and this court granted his motion to proceed as an indigent on January 20, 1982.

Appellant's single contention in this matter is that if he were subject to the provisions regarding aggregation of sentences contained in the 1979 Parole Act he would be considered for parole, and possibly released, earlier than he now will be. Hence, appellant claims that he is entitled to take advantage of the aggregation sections of the act.

In the case at bar appellant asserts that the aggregation provision of the 1979 Parole Act, Section 7(h) *N.J.S.A.* 30:4–123.-51(h) should be applied to his case. Appellant was granted a parole, albeit "cell parole," on the first of his two consecutive sentences in 1972.

The Parole Act, which by its own terms is limited to actual or current *custodial* sentences, provides:

Except as otherwise provided by this act, this act shall apply to all persons now serving or hereafter sentenced or committed to State correction facilities and to all persons now serving or hereafter sentenced to county jails, workhouses or penitentiaries. [*N.J.S.A.* 30:4–123.46(a)]

Appellant herein is in fact serving a bonafide parole on his first term of 28–40 years. The grant of a cell parole over 10 years ago was acceded to by appellant, and was clearly permissible under the prior parole law. *Donnelly v. New Jersey State Parole Board,* 91 *N.J.Super.* 302, 304 (App.Div.1966) ("cell parole" is a status whereby a prisoner can be on parole for one offense while serving a sentence for another offense). *State v. Maxey,* 42 *N.J.* 62, 66 (1964); *In re Fitzpatrick,* 9 *N.J.Super.* 511, 517 (Cty.Ct.1950). Appellant's first term of confinement for 28–40 years is not an active custodial term; appellant is not confined pursuant to this sentence and would in fact be released on parole but for his consecutive life term upon which he may eventually earn parole and be released. He is not serving a term of imprisonment which may be combined with his life sentence in order to arrive at a unified parole eligibility date. Hence, he is outside the scope of the act, as defined in *N.J.S.A.* 30:4–123.46(a), for purposes of aggregation of sentences.

No legal basis exists for appellant's claim that his previous term must now be aggregated with his sentence. Although the act provides for the exclusive means of withdrawing an earlier grant of parole, *i.e.* by revocation or recission for good cause shown, it does not provide for a retroactive application of its provisions. *N.J.S.A.* 30:4–123.56(c); *N.J.S.A.* 30:4–123.60. Appellant's assertion that previous grants of cell parole may be administratively rescinded is not in accordance with the provisions of the Parole Act. It would require a retroactive application of the law when the act is applicable, on its face, only to active custodial sentences.

Finally, to require the Parole Board to vacate earlier grants of cell parole and aggregate parole eligibility terms could result in an increase in the parole eligibility terms of some inmates. Vacating an inmate's cell parole potentially increases the length of his confinement beyond that which it would have been under the previous system. The Parole Board may decide not to grant parole and the prisoner could conceivably remain confined longer than he would have under the earlier system. To vacate cell

paroles may actually expose an inmate to liability for a longer term than that to which he would have been subject under previous law.

The decision of the Parole Board is affirmed.