67 N.J. Super. 340 (1961)
170 A.2d 501
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND BRAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1961.
Decided April 28, 1961.
*342 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. August W. Fischer, substituted assigned counsel, argued the cause for appellant (Mr. Dominick Fondo, assigned counsel).
Mr. William C. Brudnick, Special Assistant Prosecutor, argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
The opinion of the court was delivered by FOLEY, J.A.D.
Defendant appeals in forma pauperis from the dismissal of his application for a writ of habeas corpus. The application charged that his confinement and detention in a New Jersey State Prison is illegal because: (1) he was not afforded an opportunity to make a statement in his own behalf prior to sentencing, and (2) a resentence by which he was committed to the New Jersey State Hospital in Greystone Park pursuant to the provisions of the Sex Offender Act, N.J.S. 2A:164-3 et seq., for an indeterminate term, subjected him to a more severe penalty than that originally imposed.
Defendant was convicted by a jury on November 30, 1956 on 17 counts charging incestuous conduct with his child (N.J.S. 2A:114-2). Simultaneously, he was convicted *343 on an indictment for impairing the morals of a minor (N.J.S. 2A:96-3). On January 4, 1957 a State Prison sentence of not less than 10 nor more than 15 years was imposed on the third count of the incestuous conduct indictment, and like sentences were imposed on the remaining 16 counts of this indictment, to run concurrently therewith; a sentence of not less than 2 nor more than 3 years was imposed on the impairing of morals charge, to run concurrently with the sentences imposed on the incest charges, to be served at the New Jersey State Hospital at Trenton. The sentencing judge having formally requested the Commissioner of the Department of Institutions and Agencies to designate an appropriate institution for defendant's commitment under the Sex Offender Act, N.J.S. 2A:164-3 to 13 (see particularly 2A:164-5 and 6), the department recommended commitment to the State Hospital at Greystone Park.
On February 8, 1957 the court on motion of the Attorney General recalled defendant, vacated all of the prison terms previously imposed, and committed him to the New Jersey State Hospital at Greystone Park in accordance with this recommendation, and on February 13 following, defendant was transferred to that hospital.
Subsequently he escaped from Greystone Park and upon recapture was convicted of that offense and on February 28, 1958 sentenced by the Morris County Court to a minimum of one year and a maximum of three years, to be served in the New Jersey State Prison.
On March 31, 1958 the Commissioner of the Department of Institutions and Agencies pursuant to N.J.S. 2A:164-7 transferred defendant from the custody of Greystone Park to the State Prison at Trenton, to be held therein as provided by law. The transfer permitted defendant to serve his time under the sex offender commitment concurrently with the sentence for escape.
On October 29, 1959 defendant filed an application for a writ of habeas corpus with the Superior Court of New *344 Jersey, Bergen County. This application was similar to the one which is the subject of this appeal. It was assigned to the Bergen County Court, which held that defendant's confinement in State Prison was legal and in conformity with the authority granted the Commissioner under N.J.S. 2A:164-7, supra. The application for a writ was denied; no appeal was taken.
On June 30, 1960 defendant filed a second application for a writ of habeas corpus, the denial of which is the subject of this appeal.
Subsequent to the filing of the notice of appeal to this court, the State moved for resentence on the incestuous conduct indictment, on the ground that defendant's commitment as a sex offender was incorrect since the crime of incest is not within the purview of the Sex Offender Act. See N.J.S. 2A:164-3. By then defendant had served his three years on the sentence for impairing the morals of a minor (which is within the purview of the Sex Offender Act) and had been paroled on his sentence for escape. Hence, his detention is now based solely on the sentence for incest.
On that application the court on January 6, 1961 vacated defendant's commitment as a sex offender on the incestuous conduct conviction and imposed a sentence on this charge of not less than 10 nor more than 15 years in State Prison, with credit for all confinement retroactive to the original date of sentencing on January 4, 1957.
Defendant was assigned counsel to prosecute this appeal and was furnished with a transcript of all proceedings. The appeal as presented incorporates points which were not made the basis of the application for the writ as hereinabove stated.
Initially, we will dispose of the grounds originally asserted. While it appears that the sentencing judge did not ask defendant whether he desired to make a statement in his own behalf and to present any information in mitigation of punishment, as required by R.R. 3:7-10(c), *345 this of itself did not nullify the sentence. The obvious purpose of R.R. 3:7-10(c) is to give a defendant an opportunity to lay before the trial judge facts or arguments not previously presented to the court by either the pre-sentence report or his counsel. Absent a showing by defendant to the contrary, it must be assumed that there was nothing he could have said which would have added to the information the court already had. Here the defendant, even at this stage, does not suggest that had he been afforded the opportunity to speak in his own behalf prior to the imposition of sentence, there was information which he could have imparted to the court which, when fairly considered, may have resulted in mitigation of his punishment. Consequently, there is no basis upon which to equate the lack of literal compliance with the rule, with a deprivation of defendant's constitutional rights.
The second contention made on the application for the writ, that the commitment of the defendant to Greystone Park hospital on February 8, 1957, for an indeterminate term, constituted a more severe sentence than that imposed on the sentence of January 4, 1957, likewise is without merit. It is specifically provided by N.J.S. 2A:164-6 that in the event the court shall order a commitment of a person as provided in this section, such order of commitment shall not specify a minimum period of detention, but in no event shall the person be confined or subject to parole supervision for a period of time greater than that provided by law for the crime of which such person was convicted. As a matter of fact it could well be that a defendant committed as a sex offender might serve less time in custody than he would if required to serve his sentence in State Prison, since N.J.S. 2A:164-8 provides that he may be released under parole supervision from the institution when it shall appear to the satisfaction of the state parole board, after recommendation by a special classification review board appointed by the state board of control of institutions and agencies, that such person is capable of making an acceptable *346 social adjustment in the community. Obviously, this state of mental rehabilitation might occur long before such person would be eligible for consideration for parole if he were incarcerated in a penal institution, and in such event the commitment would prove to be less severe than if a custodial sentence in a penal institution had been prescribed.
It is clear that the action taken by the court on January 6, 1961 when it vacated the commitment of February 8, 1957 was warranted. The crime of incest is not included among the sex offenses specified in the statute N.J.S. 2A:164-3, and therefore the commitment thereon to Greystone Park hospital was illegal. However, R.R. 3:7-13 permits the court to correct an illegal sentence at any time. The sentence finally imposed on the incestuous conduct indictment was within the limits prescribed by N.J.S. 2A:114-2, and at the time of imposition defendant was given credit for all confinement retroactive to January 4, 1957. Thus, defendant's position today is precisely the same as it would have been had the sentence of January 4, 1957 been carried out, and he has suffered no legal injury in the interim.
The remaining points contained in the "Statement of Questions Involved" as set forth in defendant's brief may be disposed of summarily. Defendant contends that the Sex Offender Act, N.J.S. 2A:164-3 et seq., denies him the protection afforded him by the equal protection clause of U.S. Const. Amend XIV. It was held otherwise in State v. Wingler, 25 N.J. 161 (1957).
He argues also that he is entitled to a full hearing to determine whether the transfer to the State Prison involved an abuse of discretion. We find no provision in the Sex Offender Act for such a hearing, and defendant cites us no authority in support of this contention. N.J.S. 2A:164-7 invests the Commissioner of the Department of Institutions and Agencies with a discretion to transfer a person committed to a hospital under the Sex Offender Act to any other institution within the jurisdiction of the department, for the purpose of providing for the needs and *347 requirements of such person according to the individual circumstances of the case. This authority is held to include a transfer of a convicted sex offender from a state hospital to the State Prison at Trenton. State v. Newton, 17 N.J. 271 (1955). Where a transfer to a state prison is arbitrary and in conflict with the purposes of the sentence, a defendant may obtain judicial relief by habeas corpus or otherwise. State v. Wingler, 25 N.J., at pp. 180-181; Tully v. Tramburg, 57 N.J. Super. 377, 382-383 (App. Div. 1959). It is only at this point that a hearing is involved. Defendant herein makes no showing of fact that his transfer to State Prison fell within the interdiction of this principle and the application for the writ was not predicated upon a claim to that effect.
Defendant contends that he was entitled to the assignment of counsel on his application for the writ of habeas corpus. We disagree. The law makes no provision for a hearing on the application for the writ. See State v. Ercolino, 65 N.J. Super. 20 (App. Div. 1961). Consequently, the need for counsel in the ordinary case does not arise until the writ has been acted upon by the court.
Lastly, it is urged that the court had no power to resentence on January 6, 1961 since the matter was then on appeal in this court  a point not set out in the Statement of Questions Involved. In State v. Wimbush, 54 N.J. Super. 283 (App. Div. 1959), we held that the County Court was without jurisdiction to correct an illegal sentence where the sentence and conviction were already on appeal. That case is distinguishable from the matter under review. In the present case no appeal was taken from the conviction or sentence. This appeal concerns the denial of an application for a writ of habeas corpus on grounds which have no direct bearing on the 1961 sentencing proceeding. In these circumstances the sentencing court was not deprived of the right to correct its own error in vacating the sentence of February 8, 1957.
Affirmed.