STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDWARD WALL, DEFENDANT-APPELLANT.

Argued October 23, 1961—Decided December 4, 1961.

*Mr. J. Peter Davidow* argued the cause for appellant.

*Mr. N. Douglas Russell,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Joseph H. Tuso,* Cumberland County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was indicted for the murder of one John Servant. Counsel was assigned on June 30, 1952. On September 12, 1952, the plea of not guilty theretofore made was withdrawn and a plea of *non vult* entered. On September 26, 1952, defendant was sentenced to a term of 25 to 30 years.

Defendant has since made a number of applications for relief from the sentence. The one now before us is a motion to reinstate the plea of not guilty. New counsel was assigned. The trial court denied the motion after hearing.

The central theme of defendant's complaint is that he acted in self-defense, or at most was guilty of manslaughter. He asserts he did not understand the plea of *non vult* and did not receive adequate aid from his assigned attorney at the time of the plea.

The trial court found, and we agree, that counsel who then represented defendant investigated the case; explored with defendant all the possibilities, ranging from murder in the first degree to an acquittal; and that defendant, with full understanding, voluntarily decided not to contest the charge.

Stress is laid upon the fact that at the time of the plea of *non vult,* the court did not inquire directly as to whether defendant understood it. *R. R.* 3:5–2(a). The transcript reads in part:

"The Court: The possible consequences of your plea are these: I can send you to the New Jersey State Prison at hard labor for the balance of your natural life. With the knowledge of these consequences do you still desire to enter a plea of non vult to the indictment?
Defendant: Yes, sir."

It is usual to inform a defendant that *non vult* means he does not wish to contest the charge and is the practical equivalent of a plea of guilty. The trial court did not expound the subject in those terms, but, realistically, such

exposition would add little to what the court did say. A technical explanation of *non vult* is hardly revealing to a layman. (Parenthetically, for this reason, we recently amended *R. R.* 3:5–2(a) to eliminate the plea of *non vult;* however, upon an indictment for murder, that plea may be accepted and a plea of guilty may not, by reason of *N. J. S.* 2A:113–3.) Defendant knew the indictment was for murder, and when he was informed that if a plea of *non vult* was entered he could be sentenced to imprisonment for life, he was told the nature and consequences of the plea in most meaningful terms. Moreover, his own counsel had advised him upon the niceties of the subject.

*R. R.* 3:7–10(a) provides that a motion to withdraw the plea "may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea." The time for decision is before plea, and an accused is entitled to counsel to aid him in that decision. If an accused voluntarily and with understanding chooses not to defend, he may not seek relief from the sentence merely because he changed his mind. See *State v. Deutsch,* 34 *N. J.* 190 (1961); *State v. Forsythe,* 42 *N. J. Super.* 275 (*App. Div.* 1956), *certiorari* denied 352 *U. S.* 1013, 77 *S. Ct.* 586, 1 *L. Ed.* 2d 560 (1957). Nor may he ask the court to explore the chances of a more favorable result if the indictment were tried and to find "manifest injustice" upon an evaluation of the strength of the State's case. *Cf. State v. Magonia,* 25 *N. J.* 95 (1957).

The order is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.