84 N.J. Super. 109 (1964)
201 A.2d 80
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RUDOLPH V. JAMES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 2, 1963.
Decided June 3, 1964.
*110 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. Joseph F. Mattice, assigned counsel, argued the cause for appellant.
*111 Mr. Thomas L. Yaccarino, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by FOLEY, J.A.D.
Defendant appeals in forma pauperis from an order of the County Court denying his application for a writ of habeas corpus.
On February 11, 1954 the Monmouth County grand jury returned indictment No. 6704 charging the defendant and others, jointly, in four counts with: (1) entering without breaking premises with intent to rob one Mary Albano; (2) assault with a revolver with intent to rob Mary Albano; (3) entering without breaking premises with intent to rob one Frank Infanto; (4) assault with a revolver with intent to rob Frank Infanto. All offenses were alleged to have been committed on December 17, 1953.
On February 16, 1954 defendant was arraigned. The prosecutor did not read the indictment to him, but briefly summarized its contents. Defendant entered a plea of not guilty, and W. was assigned by the court as counsel.
On March 15, 1954 the State moved the indictment for trial. At that time W. announced to the court that he had consulted with Mr. James who was present, and "after discussing this for about two weeks Mr. James [wished] now to withdraw his plea of not guilty" and to enter a plea of non vult. The following then transpired:
"MR. FRANKEL [Assistant Prosecutor]: You, Rudolph James, have heretofore entered a plea of not guilty to Indictment Number 6704, which charges you with entering without breaking with intent to rob and assault with an offensive weapon. You wish to retract your plea of not guilty and plead how?
RUDOLPH JAMES: Guilty.
THE COURT: You have explained to him, Mr. W. the import of his new plea, have you not?
MR. W.: Yes, sir, I have.
THE COURT. He pleads guilty?
MR. W.: Yes.
THE COURT: He knows what he is doing?
*112 MR. W.: Yes, sir.
THE COURT: Very well, The plea of not guilty will be withdrawn and a plea of guilty will be entered. The Court orders a pre-sentence investigation and sets April 2nd as the date of sentence."
On April 2, 1954 defendant, accompanied by W., appeared for sentence. W. then, in defendant's presence, addressed himself to the court and outlined the reasons which supported his request for leniency. Thereupon the court, before imposing sentence, stated that reports before him (presumably probation reports) indicated that defendant and his codefendants entered two stores with a loaded gun, that defendant carried the gun in the first store, and that a codefendant carried it in the second store. After commenting upon the serious nature of the charges, the court sentenced defendant to terms of 3-5 years on each of the four counts, the sentences to run consecutively. Defendant remained mute throughout the proceedings.
For more than eight years thereafter defendant took no steps of record to attack the judgment of conviction, or the proceedings upon which it was based. We are informed that in the interim Frank Infanto, who was 72 years of age at the time sentence was imposed, has died.
On or about June 2, 1962 defendant filed a petition for the reconsideration of his sentences alleging that his assigned attorney was ineffective or incompetent; defendant was innocent and the matter should have gone to trial; his attorney "pressured" him into changing his plea; the court aided the prosecutor in maneuvering him into entering a plea of guilty to more counts in the indictment than he intended; the court should not have considered his juvenile record in sentencing him; the prosecutor engaged in unethical maneuvers at the arraignment; the court failed to afford defendant an opportunity to speak in his own behalf at the sentencing; the indictment was changed or altered between its first reading to him at the first arraignment and the second arraignment; and he was tricked into pleading guilty.
*113 On October 8, 1962 court-appointed counsel (not W.) filed a complaint demanding a writ of habeas corpus, seeking to set aside the sentences imposed or, alternatively, to permit defendant to withdraw his plea of guilty to the third and fourth counts of the indictment.
Defendant's complaint alleged that at the time he withdrew his plea of not guilty the indictment was not read to him in full to inform him of the fact that it contained four counts; that he had not at that time nor at any time thereafter seen the indictment, nor had the indictment been read to him in full, nor had its contents been explained to him; that the court prior to the imposition of sentence had not afforded him an opportunity to make a statement in his own behalf, and had not questioned him directly to ascertain that he understood the meaning of the plea, and that it was voluntarily entered; and that the court before accepting the plea of guilty had failed to make a determination that the plea had been made voluntarily with knowledge of the nature of the charge. The complaint further alleged that defendant believed the indictment contained but three counts, all pertaining to the alleged offenses against the property and person of Mary Albano, and that he did not intend to plead guilty, or non vult, to any offenses pertaining to the property or person of Frank Infanto.
On October 26, 1962 a hearing was conducted by the County Court at which the court considered the transcripts of the prior proceedings herein mentioned, and received the testimony of defendant and W. Defendant again insisted that he had not received a copy of the indictment, that he talked to his assigned attorney for only about ten minutes before entering the guilty plea, and that he believed that his plea pertained only to the offenses relating to Mary Albano. W., on the other hand, testifying from notes which he had preserved, and with the aid of an examination of the indictment and the transcript of prior proceedings, made it clear that he explained to the defendant the nature of each count in the indictment and that defendant's decision to retract his *114 plea of not guilty and enter a plea of either guilty or non vult, was both informed and voluntary.
The court in dismissing defendant's application, accepted W.'s testimony in all material matters in which it was in conflict with the testimony of defendant, charitably attributing to the latter a failure of recollection due to the passage of time.
Traditionally, questions of the credibility of witnesses are for the trier of the facts and in a proceeding such as this the reviewing court, having in mind the superior opportunity of the trial judge to measure the credibility of the witnesses, will not ordinarily disturb his determination. See In re Lenkowski, 17 N.J. 191 (1955). We find no reason for doing so here.
Basically, defendant's contentions are founded upon an alleged noncompliance with the rules of practice governing the entry of his plea of guilty and the imposition of sentence. Necessarily, the validity of his claims must be tested by the rules which were in effect at the time the plea of guilty was tendered, and at the time sentence was imposed. Subsequent amendments of these rules are not given retroactive effect. Compare State v. Gladstone, 17 N.J. Super. 467, 472 (App. Div. 1952).
When defendant entered his plea of guilty on March 15, 1954, the pertinent provisions of the applicable rule, R.R. 3:5-2, provided:
"(a) A defendant may plead not guilty, guilty, non vult or nolo contendere, excepting, however, that no defendant can plead guilty to murder save as provided by law. The court may refuse to accept a plea of guilty, non vult or nolo contendere, and shall not accept such plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty."
We are satisfied that the colloquy between the court and counsel in the presence of the defendant sufficiently fulfilled the obligation of the court to determine that the plea was made voluntarily with understanding of the nature of the charge. *115 So, too, do we conclude that if, as defendant says, he was not given a copy of the indictment before he was called upon to plead, as required by R.R. 3:5-1, the purpose of this rule, which is to inform defendant of the nature of the charges laid against him, was fully served by W.'s explanation to him of the contents of the indictment. See State v. Forsythe, 42 N.J. Super. 275 (App. Div. 1956), certiorari denied 352 U.S. 1013, 77 S.Ct. 586, 1 L.Ed.2d 560 (1957), certiorari denied 357 U.S. 932, 78 S.Ct. 1378, 2 L.Ed.2d 1374 (1958).
The rule in effect when sentence was imposed was R.R. 3:7-10(c), later incorporated in R.R. 3:7-10(d). In pertinent part, it provided:
"Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."
The transcript of the sentence proceeding discloses that defendant was not afforded the opportunity to speak in his own behalf. In this respect State v. Harris, 70 N.J. Super. 9 (App. Div. 1961), is analogous. There this court, relying upon Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, 673 (1961), held this omission to be violative of defendant's rights. The court remanded for resentence. We agree with this holding and to the extent that State v. Bray, 67 N.J. Super. 340 (App. Div. 1961), is in conflict therewith, the latter case is overruled.
Lastly, we reject defendant's contention that he was unaware that the court intended to sentence him, and did sentence him, for crimes relating both to Mary Albano and Frank Infanto, rather than to Mary Albano alone. Again, as we have noted, the transcript reveals beyond question that the trial court in defendant's presence sharply drew attention to the fact that "these men entered into two stores with a loaded gun," and that one of the victims was a "72 year old man." This, coupled with the fact that four separate sentences were imposed, deprives of any weight whatever defendant's testimony *116 that he first became aware of his alleged connection with the Infanto crimes in June 1962.
If defendant requests it, he should be resentenced following a new presentence report as required by R.R. 3:7-10(b). State v. Culver, 23 N.J. 495 (1957), certiorari denied 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed.2d 1441 (1957); State v. Minter, 55 N.J. Super. 562, 566-567 (App. Div. 1959). Present counsel should assist him in making the application and represent him at the resentencing. In all other respects, the judgment is affirmed.
The court expresses its appreciation to assigned counsel for the excellence of his presentation of the case.