Joseph **MARNIN**, Appellant,

v.

Edward F. **ZAMPELLA**, Esq., et al.

No. 71–1248.

United States Court of Appeals, Third Circuit.

Submitted Feb. 11, 1972.

Decided Feb. 29, 1972.

Certiorari Denied May 30, 1972. See 92 S.Ct. 2071.

Joseph Marnin, pro se.

---

Arthur J. Abrams, Abrams & Wolfsy, Jersey City, N. J., for appellee, Zampella.

Ralph A. De Sevo, Jersey City, N. J., on the brief for appellee, Alex R. De Sevo.

Daly D. E. Temchine, Trenton, N. J., for appellee, Hatfield.

Before MARIS and MAX ROSENN, Circuit Judges, and VAN ARTSDALEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the United States District Court for the District of New Jersey, dismissing a complaint brought under the Civil Rights Act, 42 U.S.C. § 1983. Appellant's suit was predicated on the alleged negligence of counsel who represented him and the judge who sentenced him, at a trial held some twenty-five years ago.

In 1946, appellant pleaded guilty, in Hudson County, New Jersey, to an indictment charging him with receiving a stolen automobile. In 1947, appellant pleaded *non vult* [1] to a Union County indictment charging him with larceny of the same vehicle. On January 9, 1969, appellant filed a petition for post-conviction relief in the Union County Court, arguing that his Union County conviction was illegal, since one cannot be convicted both of stealing and receiving the same automobile. The petition was denied on the ground that it was not filed within the time limit specified in R.R. 3:10A–13.[2] On appeal, the Superior Court of New Jersey, Appellate Division, reversed, holding that the Union County conviction was without lawful foundation, and therefore capable of being corrected at any time. It noted that convictions for larceny and receiving the same stolen goods were repugnant.

The United States District Court did not reach the merits of appellant's contentions in this civil action, namely the alleged negligence of both appellant's former counsel during the Union County conviction and the judge who presided at that affair. It held that appellant's claims were barred under the applicable statute of limitations.[3] This conclusion of the district court is clearly correct. This court has repeatedly held, in similar situations, that the applicable statute of limitations is that of New Jersey, and that it bars the action. Thomas v. Howard, 455 F.2d 228 (3d Cir., filed Feb. 9, 1972); Hughes v. Smith, 389 F.2d 42 (3d Cir. 1968).

The order of the district court will be affirmed.

---

1. Non vult is, of course, a plea legally equivalent to that of guilty, being a variation of the form nolo contendere. See Black, Law Dictionary (4th Ed., 1968). New Jersey no longer allows pleas of non vult in non-capital cases, but did allow them at the time appellant was convicted in Union County. See State v. Wall, 36 N.J. 216, 176 A.2d 8 (1961).

2. By revision in 1969, R.R. 3:10A–13 is now R. 3:22–12.

3. Several other defenses are raised by appellees, including the doctrine of judicial immunity (raised by the judge who presided at the Hudson County proceedings) and failure to allege an act under color of law (raised by both attorneys who allegedly represented appellant during the Hudson County proceedings). We do not reach these contentions because of the position we take on the issue of the statute of limitations.